BRYANT et al. v. CONTINENTAL CASUALTY CO.†

(Court of Civil Appeals of Texas. Galveston. March 4, 1912. Rehearing Denied March 14, 1912.)

INSURANCE (§ 455*)—ACCIDENT INSURANCE— DEATH BY SUNSTROKE — "EXTERNAL, VIOLENT, AND ACCIDENTAL MEANS."

The death of a person by sunstroke, caused by his exposure to the sun and humid atmosphere on a hot day while pursuing his usual avocation in his ordinary way, is not caused by sunstroke due to "external, violent, and accidental means," within an accident policy insuring against death by sunstroke due to external, violent, and accidental means.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1166–1169; Dec. Dig. § 455.*

For other definitions, see Words and Phrases, vol. 3, pp. 2619, 2620.]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Mrs. Amelia Bryant and another against the Continental Casualty Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

B. F. Louis, for appellants. Manton Maverick, M. P. Cornelius, Gill & Jones, and H. L. Stone, Jr., for appellee.

McMEANS, J. This is a suit by the appellant Mrs. Amelia Bryant upon a policy of accident insurance issued by the Continental Casualty Company, appellee, covering the life of her brother, Calvin R. Perry, in her favor, in the principal sum of $2,000, insuring against death by sunstroke due to external, violent, and accidental means. Her husband, Will Bryant, is joined pro forma as party plaintiff. The plaintiffs alleged that the insured, on the 3d day of August, 1910, and in the afternoon thereof, and from about 2 o'clock p. m. to about 4 o'clock p. m., was engaged in the performance of his duties as collector of accounts in the city of Houston; that upon said day he had an unusual amount of collecting to do, which occasioned unusual physical exertion by him; that upon said afternoon, and throughout said day, the sun's rays were unusually warm and intense, and the atmosphere unusually humid, and the temperature in and around the city of Houston, where the said Calvin R. Perry's duties required him to go, was unusually high, and upon said day and afternoon, while so engaged in the performance of his duties, he was externally, violently, and accidentally overcome by the heat, as aforesaid, and suffered an external, violent, and accidental sunstroke, and as a result therefrom died on the following day, to wit, the 4th day of August, 1910, at about 6 o'clock a. m.; that such exertion and unusual temperature, and consequent sunstroke, was purely accidental, and could not have been anticipated by the deceased. Plaintiffs alleged that at the time he was so stricken, and at his death, all premiums had been paid, and the policy of insurance was in full force and effect, and due notice and proof of death were given, and in due course demand for payment was made, which was more than 30 days prior to the filing of the suit; that the defendant company had failed and refused to make payment, and the plaintiff asked for damages of 12 per cent. and attorney's fees. The defendant answered by general denial and by certain special pleas, the substance of which need not be stated. The case was tried by the court without a jury and resulted in a judgment for defendant, from which plaintiffs have appealed.

Appellants by their first assignment of error complain of the action of the court in rendering judgment against them. By their proposition under this assignment they contend that the policy of insurance sued on, providing that the defendant company would pay the principal sum of $2,000 in case of death from sunstroke due to external, violent, and accidental means, and it being agreed that the insured was overcome by the heat of the sun, or "suffered a sunstroke," while walking about the streets of the city of Houston, and while making more collections than usual, in his occupation of collector of accounts, and that the heat of the sun was more intense than usual at the time, and that he died from said sunstroke, such evidence shows death by sunstroke due to accidental means within the terms of the policy.

The facts are without dispute. The policy of accident insurance sued on was issued by the appellee, Continental Casualty Company, dated June 14, 1910, insuring Calvin R. Perry, as collector of accounts, in the sum of $2,000, naming his sister, Mrs. Amelia Bryant, as beneficiary. Part 6 of the policy relating to special accident indemnities reads as follows: "A. If sunstroke, freezing or hydrophobia, due in either case to external, violent and accidental means, shall result, independently of all other causes, in the death of the insured within ninety days from the date of exposure, or infection, the company will pay said principal sum as indemnity for loss of life."

The following agreement made by the parties, plaintiffs and defendant, was admitted

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error granted by Supreme Court.

in evidence: "On June 14, 1910, the deceased, Calvin R. Perry, held the policy of insurance on which this suit is brought, in the principal sum of $2,000, in the defendant company. That on August 3 and 4, 1910, the same was in full force and effect, that all premiums had been paid, and that the plaintiff is the beneficiary named in said policy. That on the afternoon of August 3, 1910, the deceased, Calvin R. Perry, was engaged in his occupation as a collector of accounts in the city of Houston, and was walking about the streets of this city, and in the course of his said occupation was walking and making more collections than usual. That he was overcome by the heat of the sun, which was more intense than usual on that afternoon. The temperature on top of the Stewart building, an eight-story building in the city of Houston, was 91 degrees at noon, 92 degrees at 1 p. m., 95 degrees at 2 p. m., 96 degrees at 3 p. m., and 95 degrees at 4 p. m. That the deceased was overcome by the heat of the sun, or suffered a sunstroke, at about 3.30 p. m., on said August 3, 1910, and died from said sunstroke or overheat from the sun at 6 a. m. August 4, 1910, independent of all other causes. That the temperature down on the streets of Houston was somewhat higher than on top of the said Stewart building on said date. That the air was humid, such as is usual in the vicinity of Houston, on said date. Due proof of death and notice was given to the defendant company, in accordance with the terms of said policy."

The important question presented by this appeal is whether or not the death of the insured by sunstroke was due to accidental means. If it was, the law imports that his death was due to violent and external means. Paul v. Trav. Ins. Co., 112 N. Y. 472, 20 N. E. 347, 3 L. R. A. 443, 8 Am. St. Rep. 758; Healy v. Mut. Acc. Ass'n, 133 Ill. 556, 25 N. E. 52, 9 L. R. A. 371, 23 Am. St. Rep. 637. All the authorities seem to agree that sunstroke is a disease. Dozier v. Fidelity, etc., Co. (C. C.) 46 Fed. 446, 13 L. R. A. 114; Herdic v. Maryland Casualty Co. (C. C.) 146 Fed. 396; Kerr on Ins. 384. The policy sued on is an ordinary accident policy, which by a special provision covers death from said sunstroke, although a disease, when produced by external, violent, and accidental means. It is clear that the provision was not intended to cover sunstroke simply as such, and, in the absence of proof that the sunstroke which caused the death of the insured was due to some accident, plaintiffs were not entitled to recover. Anticipating this construction, plaintiffs undertook to allege and prove that the sunstroke suffered by deceased and from which his death resulted, was due to certain accidental agencies; that is to say, it was alleged and proven that upon the day he was stricken he had an unusual amount of collecting to do, which occasioned unusual physical exertion by him, and the heat was unusually intense, and the atmosphere unusually humid, and that as the result of this unusual condition of temperature and humidity, added to the extra physical exertion required in making an unusual number of collections, he was overcome by the heat and died from its effects. If a result is such as follows from ordinary means, voluntarily employed and in a not unusual or unexpected way, it cannot be called a result effected by accidental means. But if in the act which precedes the injury, something unforeseen, unexpected, and unusual occurs which produces the injury, then the injury has resulted through accidental means. 1 Am. & Eng. Ency. of Law, p. 292; U. S. Mut. Acc. Ass'n v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60.

There was no element of accident in the death of the insured further than that he was making more than a usual number of collections, and in doing this was overcome by the heat of the sun. In Dozier v. Fidelity & Casualty Co., supra, it is said: "Thus disease or death engendered by exposure to heat, cold, damp, the vicissitudes of climate, or atmospheric influences, cannot, we think, properly be said to be accidental, unless, at all events, the exposure itself is brought about by circumstances which give it the character of accident. Thus, by way of illustration, if from the effect of ordinary exposure to the elements, such as is common in the course of navigation, a mariner should catch cold and die, such death would not be accidental; although, if, being obliged by shipwreck or other disaster to quit the ship, and take to the sea in an open boat, he remained exposed to wet and cold for some time, and death ensued therefrom, the death might properly be held to be the result of accident."

Here the insured was pursuing his usual avocation in his usual and ordinary way. His exposure to the sun and humid atmosphere was not shown to be brought about by circumstances which gave it the character of accident. He simply was unable to withstand the heat and died from its effects. That his death from this cause alone, unaided by accident in bringing it about, was not insured against by the provision of the policy above quoted, is too clear for argument. Had it been intended to insure against sunstroke, as such, it would have been so provided in the policy in so many words, and all reference to external, violent, and accidental means would have been omitted.

It would be useless to extend this opinion further; but we refer to the following authorities, in addition to those above cited, as sustaining our decision: 3 Joyce on Ins. § 2866; Feder v. Iowa, etc., Ass'n, 107 Iowa, 538, 78 N. W. 252, 43 L. R. A. 693, 70 Am. St. Rep. 212; Fidelity, etc., Co. v. Carroll, 143 Fed. 271, 74 C. C. A. 409, 5 L. R. A. (N. S.) 657, 6 Ann. Cas. 955; Schmid v. Acci-

.dent Ass'n, 42 Ind. App. 483, 85 N. E. 1032; Shanberg v. Fidelity Co., 158 Fed. 1, 85 C. C. A. 343, 19 L. R. A. (N. S.) 1206.

We conclude that the judgment of the court below must be affirmed, and it has been so ordered. In view of this conclusion, the other assignments presented by appellants become immaterial.

Affirmed.