## ELSEY *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK.

[No. 23,484. Filed June 18, 1918.]

1. INSURANCE. — *Accident Insurance.* — *Injury by "Accidental Means."*—If in the act preceding an injury, though an intentional act, something unusual, unforeseen and unexpected occurs which produces the injury, it is accidental; but, if in such act, something usual, foreseen and expected occurs which produces the injury, it is not accidentally effected. p. 450.

2. INSURANCE. — *Accident Insurance.* — *"Accidental Means."* — *Sunstroke.*—The holder of an accident policy who suffered a sunstroke when about to alight from a street car on which he was riding to his work, was injured by "accidental means," within the meaning of a policy insuring against bodily injury sustained through accidental means and resulting, directly and exclusively of other causes, in immediate, continuous and total disability, including sunstroke suffered through accidental means. p. 450.

From Marion Superior Court (21,549) ; *Joseph Collier,* Judge.

Action by Erickson Elsey against the Fidelity and Casualty Company of New York. From a judgment for the defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Remy & Berryhill,* for appellant.

*Solon J. Carter* and *D. P. Williams,* for appellee.

LAIRY, J.—This is an action by appellant upon an accident insurance policy issued by appellee. The policy provided, among other things, for an indemnity of $12.50 per week "against bodily injury sustained through accidental means, and resulting, directly and exclusively of other causes in immediate, continuous and

total disability" and also that "sunstroke  *  *  *,
suffered through accidental means  *  *  *  shall be
deemed a bodily injury within the meaning of the pol-
icy." A trial was had by the court without the inter-
vention of a jury, resulting in a finding and judgment
for appellee, and from that judgment appellant appeals,
assigning as error the action of the court in overruling
his motion for new trial.

The controlling question in this appeal is presented
by appellant's first and second specifications for a new
trial—that the decision of the court is contrary to law
and is not sustained by sufficient evidence.

The evidence shows that on July 5, 1911, appellant,
while going from the post office in the city of Indian-
apolis to his place of employment on East Michigan
street, was riding upon an open street car and, as the
car proceeded in a northeasterly direction along Massa-
chusetts avenue, it left the shaded portion of the street,
when appellant, by reason of his position in the car, was
subjected to the direct and indirect rays of the sun. It
appears that he was about to alight from the car at
East Michigan street at a place where there was no
shade when he suffered the sunstroke which rendered
him unable to perform his daily labor from that time
until the bringing of this suit on August 30, 1912. Ap-
pellant duly notified the company of his disability and of
having suffered a sunstroke while a passenger on a
street car. Appellee, however, refused settlement on
the ground that sunstroke, when suffered by a person
while intentionally performing the ordinary and usual
duties of his daily occupation in the ordinary and usual
manner, is not a bodily injury suffered through acci-
dental means within the terms of the policy.

A construction of the provision of the policy that
"sunstroke  *  *  *  suffered through accidental
means  *  *  *  shall be deemed a bodily injury

within the meaning of this policy" will be decisive of the only question of importance in this case.

The contention of appellee is that in the term "accidental means," as therein used, some violence, casualty, *vis major*, is necessarily involved, and that disability or death engendered by exposure to the sun's heat, or other atmospheric influences, cannot properly be said to be accidental, unless the exposure is itself brought about by circumstances which give it the character of an accident. In other words, if the exposure to the heat of the sun was intentionally encountered in the ordinary performance of a person's usual duties of life. or occupation, it is not accidental; but, if a person should, by reason of shipwreck or other like occurrence, be left in a position in the heat of the sun and thereby suffered sunstroke, the means would be accidental. This is the view taken in the case of *Sinclair* v. *Maritime, etc., Assurance Co.* (1861), 3 Ell. & Ell. 478, and that case is followed to a great extent by the following cases: *Dozier* v. *Fidelity, etc., Co.* (1891), 46 Fed. 446, 13 L. R. A. 114; *Semancik* v. *Continental Casualty Co.* (1914), 56 Pa. Super. Ct. 392; *Continental Casualty Co.* v. *Pittman* (1916), 145 Ga. 641, 89 S. E. 716; and *Bryant* v. *Continental Casualty Co.* (1912), (Tex. Civ. App.), 145 S. W. 636.

The purpose of accident insurance is to protect the insured against accidents that occur while he is going about his business in the usual way, without any thought of being injured or killed, and when there is no probability, in the ordinary course of events, that he will suffer injury or death. The reason men secure accident insurance is to protect them from the unforeseen, unusual, and unexpected injury that might happen to them while pursuing the usual and ordinary routine of

their daily vocation, or the doing of the things that may do in the common everyday affairs of life.

We are of opinion that the better reasoning points out, and the weight of authority holds, 'the true test to be that, if in the act which precedes the injury,

1.    though an intentional act, something unusual, unforeseen, and unexpected occurs which produces the injury, it is accidental; but, if in the act which precedes the injury something usual, foreseen and expected occurs which produces the injury, it is not accidentally effected. We are supported in our holding by the following cases, which involve the question of whether sunstroke, suffered while engaged in the usual daily duties, is accidental. *Casualty Co.* v. *Johnson* (1906), 74 Kan. 129, 85 Pac. 545, 6 L. R. A. (N. S.) 609, 118 Am. St. 308, 10 Ann. Cas. 851; *Pack* v. *Prudential Casualty Co.* (1916), 170 Ky. 47, L. R. A. 1916E 952; *Higgins* v. *Midland Casualty Co.* (1917), 281 Ill. 431, 118 N. E. 11; *Bryant* v. *Continental Casualty Co.* (1916), 107 Tex. 582, 182 S. W. 673, L. R. A. 1916 E 945, Ann. Cas. 1918 A 517. The last case above cited overrules the holding of the lower court in the same case reported in 145 S. W. 636, upon which the Pittman and Semancik cases, *supra,* were largely based.

We are constrained to hold that the injury here in question as shown by the evidence was caused by "accidental means," that the decision of the court is

2.    contrary to law and the evidence, and that the court erred in overruling appellant's motion for a new trial.

The other questions presented under the motion for new trial probably will not arise upon another trial of this cause, and are therefore not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Harvey, J., dissents.

NOTE.—Reported in 120 N. E. 42. Insurance: risks covered by insurance against sunstroke, 6 L. R. A. (N. S.) 609, L. R. A. 1916E 957; sunstroke clause in accident policy, 10 Ann. Cas. 854, Ann. Cas. 1918A 523. See under (1) 1 C. J. 429.