HOOSIER CASUALTY COMPANY *v.* ROYSTER.

[No. 25,052. Filed October 27, 1925.]

INSURANCE.—*Evidence held sufficient to sustain finding that insured's death resulted from injuries received through "accidental means."*—Evidence *held* sufficient to sustain a finding that insured's death resulted from injuries effected through "accidental means," in that he unintentionally punctured the lower bowel while inserting a tube or instrument therein for the purpose of applying medicine to hemorrhoids with which he was afflicted.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by Lydia Royster against the Hoosier Casualty Company. From a judgment for plaintiff, the defendant appealed to the Appellate Court. [Transferred to Supreme Court under §1357 Burns 1926, §1394 Burns 1914.] *Affirmed.*

*H. C. Sheridan* and *W. H. Latta,* for appellant.
*Thomas M. Ryan,* for appellee.

WILLOUGHBY, C. J.—The appellee was named as a beneficiary in an accident policy issued by appellant to one Sigel A. Royster, who was the husband of appellee. Appellee brought action on the policy in the Clinton Circuit Court, claiming that liability had accrued to her on account of the death of said insured. The liability of the appellant is predicated upon the theory of accidental death occurring through external, violent, and accidental means.

The trial was by the court without the intervention of a jury and resulting in a finding in favor of appellee in the sum of $1,480.50. After overruling a motion for a new trial, the court rendered judgment on the finding in the sum of $1,488.50, and from such judgment this appeal is taken. The only question presented is the sufficiency of the evidence to sustain the finding of the court.

The policy in suit insured against injury resulting

"necessarily, directly and independently of all other causes from bodily injuries, effected through external, violent and accidental means." The appellant contends that the injury was not accidental within the meaning of the policy. Appellee contends that the injury causing death was accidental within the meaning of this policy. This is the only question sought to be presented on this appeal.

The complaint alleges the following facts, which are fully sustained by the evidence: "That the death of said Sigel A. Royster was due to external, violent and accidental means, in this that the said Sigel A. Royster was afflicted with hemorrhoids and in treating such hemorrhoids he used a tube for the introduction of medicine in the lower bowels; and on the 17th day of November, 1921, in so introducing said medicine in said bowels he accidentally and without intention on his part punctured said lower bowels with said tube or instrument so used for the purpose aforesaid, from which said injury he sickened and lingered until the 21st day of November, 1921, at which time he died from the results of said injury so suffered as aforesaid; that there were visible marks of said injury in this, that the hole so punctured in said lower bowel was about $\frac{1}{4}$ inch in diameter. That there were external marks of said injury in this, that in a short time after said injury the lower part of the abdomen became swollen and hardened and that the death of said Sigel A. Royster resulted, as a proximate result of said injury and from no other cause whatsoever."

It also appears from the evidence that, before the death, an operation was performed which showed that the injury in the lower bowel was located about ten inches above the opening and that the wall of the bowel about the injured place was in a good healthy condition, no indication whatever of any diseased condition

of the bowel at or near the puncture. The wound was a fresh one. The evidence also shows that the hemorrhoids extended about two inches up in the bowels.

The tube used by the deceased in medicating his hemorrhoids is described and a surgeon, testifying as a witness said: "Taking such a tube and pushing it steadily against the walls of the intestines or lower bowels where this puncture was found, after a certain amount of pressure it would produce pain. It would produce pain to the extent that if one were manipulating the instrument himself, he would surely cease making pressure. In my opinion I don't think a person would be able to withstand it long enough to puncture the bowel by steady pressure, manipulating the instrument himself. If, in using a tube of that character a person would, in inserting the tube, get it against the fold of the bowel or some other obstruction and the end of the tube then would slip and suddenly move more rapidly against the wall of the intestine and strike it with force, in my opinion that would cause a puncture such as was found in the bowel, or if a person had taken a sitting posture and suddenly and accidentally put more weight on the tube than was intended causing it to enter suddenly and with force, it could, in my opinion cause the wound that was found in the bowel."

A fair consideration of the evidence in this case would indicate that when the assured used this instrument, which he had used before to medicate his hemorrhoids, something accidental and unexpected did occur, that is, that the instrument was, on account of some unexpected occurrence, while he was using it, unintentionally inserted beyond the place where the medicine was intended to be used, and the injury thus produced.

In *Schmid* v. *Indiana, etc., Accident Assn.* (1908), 42 Ind. App. 483, the court said: "A death may in a sense be 'an accident' or 'accidental,' that is, a death or in-

jury may be a result not intended, but may or may not be occasioned by accidental means. Thus, it is said in 3 Joyce, Insurance, §2863: 'A person may do certain acts the result of which acts may produce unforeseen consequences and may produce what is commonly called accidental death, but the means are exactly what the man intended to use, and did use, and was prepared to use. The means were not accidental, but the result might be accidental.' "

In *United States Mutual Accident Assn.* v. *Barry* (1889), 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60, the court said, that "if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but if, in the act which precedes the injury, something unforeseen, unexpected, or unusual occurs which produces the injury, then the injury has resulted through accidental means."

In *North American Life, etc., Ins. Co.* v. *Burroughs* (1871), 69 Pa. St. 43, 8 Am. Rep. 212, the insured was killed by accident while assisting in hauling hay. The court held that an accidental strain resulting in death is an accidental injury within the meaning of the policy. The question was upon the sufficiency of the preliminary proof of death resulting from accidental injuries. It appears that the affidavit stated that the deceased accidentally strained himself while loading hay, and the court held that it is a matter of no consequence, so far as respects the liability of the company, whether it was produced by an accidental strain or by an unexpected blow from the handle of a pitchfork.

In *Western Commercial, etc., Assn.* v. *Smith* (1898), 85 Fed. 401, 29 C. C. A. 223, 40 L. R. A. 653, an abrasion of the skin of a toe, unexpectedly caused without design by unforeseen, unusual and unexpected friction in the act of wearing a new shoe, was held an accidental

injury, within the meaning of an accident policy. The court stated that it was difficult to understand why an abrasion of the skin produced unexpectedly, and without design, by friction in wearing a shoe, does not fall within the same category as if one slipped, without design, in walking, or punctured his foot by stepping on a nail, or pierced it with a nail in his shoe while drawing it on.

In *Bailey* v. *Interstate Casualty Co.* (1896), 40 N. Y. Supp. 513, 8 App. Div. 127, the insured, a physician, was in his carriage in the highway, and administering to himself, for extreme exhaustion, medicine with a hypodermic needle. His horse suddenly started, by reason whereof he accidentally inserted the needle deeply into his leg, causing an injury on account of which blood poisoning immediately set in, whereby the plaintiff was disabled. The court said: "if, in the use of the needle, an agency that otherwise would not have been in force, and which was the efficient cause of the injury, was accidentally set in motion, I see no good reason why it might not be found that the injuries were attributable to the accident as the sole and proximate cause."

In *Atlantic Accident Assn.* v. *Alexander* (1897), 104 Ga. 709, 30 S. E. 939, 42 L. R. A. 188, the policy was payable to plaintiff, and insured her husband against personal bodily injuries, effected through external, violent and accidental means. The plaintiff alleged that the insured was injured by the unexpected and unforeseen using of a heavy hammer; that he was injured by the lacerating and tearing and wounding of his person by external, violent and accidental means, the same being the direct and immediate result of such means; that from said result alone he died in less than two days. The court held that the evidence was sufficient to authorize the jury to infer that the plaintiff's hus-

band was injured in the manner described in the policy. It appears from the record that he was a hale hearty man. His occupation was that of a blacksmith. On this particular occasion, in striking a slanting blow, he suddenly felt a severe pain in his abdomen. The injury produced a hernia, which resulted in a few days, in death. The court held that there was evidence tending to show that the injury was received by the insured from such means that the jury could determine as a question of fact whether the injury did result from accidental means.

In *United States Casualty Co.* v. *Griffis* (1916), 186 Ind. 126, L. R. A. 1917F 481, it is held that death resulting from eating mushrooms tainted with ptomaine poisoning is death from accidental means and an insurance company is liable in such a case, under an accident policy indemnifying "against loss resulting directly and independently of any and all other causes from bodily injury effected solely through external, violent and accidental means."

In *Elsey* v. *Fidelity, etc., Co.* (1918), 187 Ind. 447, L. R. A. 1918F 646, it is held that, the holder of an accident policy who suffered a sunstroke when about to alight from a street car on which he was riding to his work, was injured by "accidental means" within the meaning of a policy insuring against bodily injury sustained through accidental means and resulting, directly and exclusively of other causes, in immediate, continuous and total disability, including sunstroke suffered through accidental means. In that case the court said: "We are of the opinion that the better reasoning points out, and the weight of authority holds, the true test to be that, if in the act which precedes the injury, though an intentional act, something unusual, unforeseen, and unexpected occurs which produces the injury, it is accidental; but, if in the act which precedes the injury

something usual, foreseen and expected occurs which produces the injury, it is not accidentally effected."

In *Husbands* v. *Indiana, etc., Accident Assn.* (1921), 194 Ind. 586, 35 A. L. R. 1184, the court declared the same rule that was followed in *Elsey* v. *Fidelity, etc., Co., supra.*

In the case at bar, we hold that the death of appellee's husband, Sigel A. Royster, occurred through external, violent and accidental means, within the meaning of the policy upon which this action was brought.

The finding of the trial court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.