## RIDGELEY PROTECTIVE ASSOCIATION v SMITH

Ohio Appeals, 4th Dist, Lawrence Co

Decided June 21, 1932

A. R. Johnson, Ironton, and Wayne Elkins, Ironton, for plantiff in error.

Corn, Jenkins, Hopkins and Collier, Ironton, for defendant in error.

**MAUCK, PJ.**

The defendant denied the right of the plaintiff to maintain her action because it claimed that the plaintiff had failed to make proof of loss at the time prescribed in the policy. The record shows that the plaintiff in due time notified the defendant of the death of the insured and that the insurer thereupon wrote her a letter that could be interpreted as a denial of liability. Whether it was a denial of liability was submitted to the jury and the verdict indicates that the jury found it to be such denial. Under those circumstances the defendant waived the provision of the policy which required proof of loss. **22 Ohio Jur. 744.**

The policy sued upon undertook to afford indemnity against several different sorts of losses such as total accident, partial accident, sickness, and certain named specific losses, including death. Paragraph A, covering total accident indemnity, read as follows:

"A. For disability resulting solely from accidental injuries due to a violent, external and involuntary cause, and leaving visible marks of wounds upon the body of the insured, which shall totally and continuously disable the insured, the association will pay for such total disability at the rate of twelve dollars per week," etc.

Paragraph C, covering specific losses among which is the loss of life, and under which plaintiff is claiming in this case read as follows:

"C. If accidental injuries due to violent external and involuntary causes, leaving visible marks of wounds upon the body of the insured, shall immediately and continuously from the date of the accident totally disable the insured, and result in any of the following losses within 90 days from the date of the accident, the association in lieu of any other indemnity, and provided notice of such injury is mailed to the association within twenty days from the date of the accident, will pay for one, and only one of the following losses * * * for loss of life $1,000."

The record shows that the insured was suffering from diseases of the heart. The death certificate shows that he died of angina pectoris and it is beyond dispute that the condition of his heart at least contributed to and hastened his death. The insurer claims that it is not liable unless the death of the insured can be solely attributed to the accident, if accident there was. This contention is without merit. It is true that under paragraph A the company only bound itself to indemnify for disabilities by paying weekly installments to the insured during his life for such total disabilities as solely resulted from accidental injuries, and it is possible that if the insured had survived and had sought indemnity under that paragraph of the policy his claim might have been defeated on the ground that his condition was contributed to by his diseased heart. The plaintiff in this case, however, is claiming nothing under paragraph A and the word "solely" appearing in that paragraph does not appear in paragraph C, under which plaintiff claims. Under the latter paragraph, if the insured suffered an accident as defined in the policy, such accident need not be the sole cause of death in order that liability follow. If the accidental injury was aggravated by the diseased condition of the patient, and such diseased condition contributed to and hastened death, liability was not avoided by any of the provisions of the paragraph covering the loss of life.

It is further urged by the insurer that the amendment to the petition fails to plead that the insured suffered in an accident and that the testimony affirmatively shows that no such accident was suffered. The insured was fifty seven years old and had arterio sclerosis. He was engaged in hard work in a hot place. The thermometer registered ninety degrees or more. His work required the rapid handling of hot iron plates, his dragging boxes containing as much as three hundred pounds of metal, and under these circumstances he developed heat cramps or a heat stroke. He became sick, was taken home, the muscles of his arms and chest became distended. He died some four days later. He suffered no blow of any kind, nor did he fall or come in contact with any tangible object. The best that can be said for plaintiff's case is that

his death can be attributed to a heat stroke induced by over-exercise in an excessively hot place. The immediate question is whether or not under the terms of this policy, and particularly paragraph C, his death can be said to have been due to an accidental injury due to violent and external causes.

Legal literature does not deal extensively with heat strokes where artificial heat has been the injuring agency but there are numerous cases which deal with the liability of an insurer against accidental injuries resulting from sun stroke induced by direct solar rays. From a technical, pathalogical standpoint a sunstroke is not an accident but. a disease called insolation or thermic fever. Richards v Standard Accident Association, 58 Utah 622, 17 A. L. R. 1183, 200 Pac. 1017; Dozier v Fidelity and Casualty Co., 46 Fed. 446, 13 L. R. A. 14. The fact, however, that in the lay mind a sunstroke was generally considered to be an external and violent injury led accident insurance companies to make special provisions for indemnity in case of sunstroke, and those provisions have occasioned much litigation and many reported cases. Typical of these special indemnity clauses is that found in Bryant v Continental Casualty Co., 107 Texas 582, Ann. Cases 1918A 813, as follows:

"If sunstroke, freezing or hydrophobia, due in either case to external, violent and purely accidental means shall result, independently of all other causes, in the death of the insured * * * the company will pay," etc.

Under such a clause it has been held in some of the cases that there must have been some accident that preceded and induced the sunstroke to give rise to liability. Continental Casualty Co. v Pittman, 145 Georgia 641, 89 S.E. 716; Elsey v Fidelity Co., 187 Ind. 447, L. R. A. 1918F 646, 120 N.E. 42. In other cases it has been held that the sunstroke is of itself such an accident that where death results liability arises. Bryant v Continental Casualty Co., supra; Richards v Standard Accident Ins. Co. (Utah), 200 Pac. 1017, 17 A. L. R. 1183; Pack v Prudential Casualty Co., 170 Ky. 47, L. R. A. 1916E 955.

In the case at bar we have no special provision for sunstrokes but we must rely for a determination of the rights of the parties on the paragraph C already quoted. In the absence of any provision covering sunstrokes Dozier v Fidelity and Casualty Co., 46 Fed. 446, holds that no recovery can be had because the sunstroke itself is not an accident. Continental Casualty Co. v Bruden,

178 Ark. 683, 11 S.W. (2d) 493, 61 A. L. R. 1192, is to the contrary. It appears that the preponderant view is that inasmuch as in the lay mind a sunstroke is an accident a policy containing a sunstroke provision such as the one above quoted should be construed to create liability in case of sunstroke even though no accident occasions the stroke, and that the stroke itself is to be deemed so far an accident as to entitle the insured to the special indemnity. As there seems to be no essential difference between sunstroke and freezing, and as freezing has been held to be an accident in this state, **Casualty Co. v Wheeler, 13 Oh Ap 140; National Life Insurance Co v Patrick, 28 Oh Ap 267,** we are of the opinion that a sunstroke would be deemed an accident under the law of this state, which requires in a doubtful case that interpretation of a policy which is most favorable to the insured.

In the instant case the plaintiff, however, requires us to go further and not only read into the policy a liability for sunstroke in the popular sense of that term but to so construe the term so interpolated as to embrace heat strokes induced by artificial heat as well as those induced by the sun's rays. There may be no essential pathalogical difference in being overcome by heat whether from the direct rays of the sun or from artificial heat. See authorities collected in Continental Casualty Co. v Johnson, 74 Kan. 129, 85 Pac. 545, 118 Am. St. 308. That, however, is not the popular conception of a sunstroke. We can not, therefore, read into this policy a liability for sunstroke because the parties · contracted with reference to the popular conception of a sunstroke, and then give to the term sunstroke the broad, all-inclusve but technical definition that would include heat cramps caused by intense exertion in a hot room.

To sustain recovery in this case would strain the contract sued upon beyond all reason. If a man with a diseased heart who subjects himself to arduous exertion in a room heated to ninety degrees can be said from those facts to have suffered an accident because he collapses a weaker man with a feebler heart similarly succumbing in a milder temperature would be said to have met with an accident, and in the end the liability of the insurer would be stretched to cover any case where high blood pressure united with exertion in causing prostration.

The case of the plaintiff was not as strong in law as the case where recovery was de-

nied in **Casualty Co. v Johnson**, 91 Oh St **155.**

The defendant was entitled to a directed verdict at the conclusion of the testimony.

The judgment is reversed and judgment is entered for the plaintiff in error..

MIDDLETON and BLOSSER, JJ, concur.