PEARLMEN *v.* MASSACHUSETTS BONDING AND INS. CO.

[No. 18,684. Filed November 15, 1955. Rehearing denied January 19, 1956. Transfer denied March 13, 1956.]

*Michael L. Fansler* and *Bernard Stroyman,* both of Indianapolis, for appellant.

*Burke G. Slaymaker* and *Slaymaker, Locke & Reynolds (Locke, Reynolds, Boyd & Weisell),* of Indianapolis, for appellee.

ROYSE, J.—This was an action by appellant, a dentist, for indemnity under a Health and Accident Insurance Policy issued to him by appellee January 21, 1934.

Appellee's demurrer to appellant's fourth amended complaint was sustained. Appellant refused to plead further and judgment was rendered in favor of appellee. The error assigned here is that the trial court erred in sustaining said demurrer.

The complaint alleged appellant was for a period of thirty-seven years engaged in the practice of his profession as a dentist; that appellee, on January 21, 1934, in consideration of the premium provided, executed

and delivered its policy of insurance to appellant whereby it insured him against the effects "resulting directly and exclusively of all other causes, from bodily injury sustained during the life of this policy solely through External, Violent and Accidental Means . . . . That if such injury alone shall within five days from date of the accident wholly and continuously disable plaintiff from performing any and every duty pertaining to his occupation, it (the defendant) will pay", etc.

The complaint then avers:

"4. On April 16, 1952, while said policy of insurance was in full force and effect, plaintiff's thumbs and index fingers became and were ulcerated and malignant, necessitating the amputation of a portion of his right thumb, and resulting in the total paralysis of his right index finger and partial paralysis of his left index finger. Such ulceration and malignancy resulted directly and exclusively of all other causes from a bodily injury sustained solely through External, Violent and Accidental Means, within the meaning of such terms as used in said insurance policy, to-wit, burns caused by plaintiff's accidental exposure to overdoses of X-ray while using an X-ray machine in the practice of his profession as a dentist. *Plaintiff does not know the date or dates of such exposure to over-doses, or the extent thereof and therefore cannot allege the same.* (Our emphasis). Said exposure to over-doses and the consequent X-ray burns which produced plaintiff's injury, as aforesaid, were *unintentional, *unusual, unforseen and unexpected.* (Appellant's emphasis). Plaintiff has used an X-ray machine in the practice of his said profession almost daily, until he became disabled, as stated hereinafter, for approximately thirty years, the exact number whereof he does not now remember.

"5. Said injury alone within five days from date of the accident, April 16, 1952, wholly and continuously disabled plaintiff from performing any and every duty pertaining to the practice of

his profession as a dentist, and it will so wholly and continuously disable plaintiff, permanently."

This is followed by averments that appellant paid all premiums due, did and performed all conditions imposed on him; that appellee denied liability and refused to pay his claim for disability caused by accidental means on the grounds his disability was the result of an illness and therefore governed by the illness provision of said policy, and mailed appellant check in the sum of $156.67 in full of his claim, which payment he refused.

This appeal presents two questions: (1) Does the fourth amended complaint allege facts which show the permanent total disability of appellant resulted from a bodily injury sustained during the life of the policy by accidental means? Appellee asserts that it does not. (2) Does the said amended complaint allege facts which show that such disability resulted within five days from the date of the accident? Appellee asserts that it does not.

The first question has been before this court, our Supreme Court, and the appellate courts of other jurisdictions many times. While there is a sharp conflict in the decisions it seems clear to us the rule is well established in this state "that where an unusual or unexpected injury occurs by reason of the doing by the insured of an intentional act, *where no mischance, slip or mishap occurs in doing the act itself,* the ensuing injury is not caused by accidental means, but that it must appear that the means used were accidental, and it is not enough that the result may be unusual, unexpected or unforeseen". (Our emphasis). (We therefore limit our consideration of the authorities to those from this state). Our decisions assert this is the majority rule. But, as is frequently

the case, our courts have had more difficulty in applying the rule than in stating it.

In the case of *Husbands* v. *Indiana Travelers' Accident Association* (1924), 194 Ind. 586, 133 N. E. 130, the husband of appellant ruptured a blood vessel in his lung while shaking down the furnace in his home. This caused his immediate death. The Supreme Court, speaking through Judge Ewbank, reviewed many of the cases of that court and of this court on this question. In affirming the decision of the trial court denying indemnity under provisions of an insurance policy similar to those in this case, the Supreme Court said:

> "And the facts found fail to show that the insured slipped or stumbled, or that anything fell upon or against him, or that anything whatever that was unforseen or not intended happened to him of an 'external violent' nature, or that he met with an 'accident' of any kind, except that his exertion in shaking down the ashes in his furnace ruptured a blood-vessel weakened by disease, which he did not intend or expect thereby to rupture. But even if the result of his exertion in shaking the furnace be deemed an 'accident', it was not shown to have been caused by 'accidental' means".

In the case of *Elsey* v. *Fidelity and Casualty Company of New York* (1918), 187 Ind. 447, 120 N. E. 42, the Supreme Court was called on to construe a provision in an accident insurance policy which provided an indemnity of $12.50 per week against bodily injury sustained through accidental means and resulting directly and exclusively of all other causes in immediate, continuous and total disability and that "sun stroke . . . suffered through accidental means . . . shall be deemed a bodily injury within the meaning of the policy". In reversing the judgment of the trial court denying appellant indemnity, the Supreme

Court, speaking through Judge Lairy, after discussing conflicting views on this question, said:

"The purpose of accident insurance is to protect the insured against accidents that occur while he is going about his business in the usual way, without any thought of being injured or killed, and when there is no probability, in the ordinary course of events, that he will suffer injury or death. The reason men secure accident insurance is to protect them from the unforseen, unusual, and unexpected injury that might happen to them while pursuing the usual and ordinary routine of their daily vocation, or the doing of the things that men do in the common everyday affairs of life.

"We are of the opinion that the better reasoning points out, and the weight of authority holds, the true tests to be that, if in the act which precedes the injury, though an intentional act, something unusual, unforseen and unexpected occurs which produces the injury, it is accidental; but, if in the act which precedes the injury something usual, forseen and expected occurs which produces the injury, it is not accidentally effected. . . . (Citing authorities).

See also, *Schmid, Guardian,* v. *Indiana Travelers Accident Association* (1908), 42 Ind. App. 483, 85 N. E. 1032.

In the case of *United States Casualty Co.* v. *Griffis* (1917), 186 Ind. 126, 114 N. E. 83, in holding that the eating of mushrooms tainted with ptomaine poison which caused the death of appellee's decedent was caused by accidental means, the Supreme Court, at page 131, said:

"We quite agree with appellant's counsel when they say that the means must be accidental, and that a mere accidental result would not suffice under the language of this policy, but we are of the opinion that the unintentional taking of the poisonous substance contained in what deceased supposed

to be edible mushrooms constituted an accidental means which caused the death".

In *Orey* v. *Mutual Life Insurance Company of New York* (1939), 215 Ind. 305, 19 N. E. (2d) 547, the court held there was sufficient evidence to show the injury was caused by violent external means and the means were accidental.

In *Hoosier Casualty Company* v. *Royster* (1925), 196 Ind. 629, 149 N. E. 164, the Supreme Court recognized the Indiana rule and held the insertion of a tube into the rectum for the treatment of hemorrhoids which punctured the lower bowel was an accident within the provisions of the policy.

Only recently this court, in the case of *Peoples Life Insurance Company* v. *Menard* (1954), 124 Ind. App. 606, 117 N. E. 2d 376 (Transfer denied), at p. 610, said:

"Indiana is in accord with the majority rule of other jurisdictions in this country that draw a distinction between the terms 'accidental means' and 'accidental death' or 'accidental result'. Our own decisions, with the weight of decisions of other courts, hold that an accident within the meaning of an accident insurance policy providing for liability on the death of the insured by accidental means must include the requirement that the means or cause of the death was accidental and though an accidental result may occur, it is not sufficient under this type of policy, but the means must be accidental".

In that case the medical evidence disclosed the cause of decedent's death was asphyxiation due to choking on regurgitated food, and such asphyxiation was caused by *accidental lodging in decedent's larynx* of two small pieces of meat. In affirming the judgment of the trial court we said, at page 614:

"There is no difference in principle in the mechanical action of food lodging in the windpipe and resulting in asphyxiation after regurgitation, in the absence of infirmity of mind or body from illness or disease, and the asphyxiation brought about by the mechanical action of food taken internally at the time it is first taken into the body".

We do not deem it necessary to extend this opinion with a discussion of other cases from this and the Supreme Court which have passed on the question before us herein.

It is pertinent to point out here that the trial court overruled appellee's motion to require appellant to allege facts to support his conclusions as to how and in what manner the injury occurred. Therefore, the sufficiency of the complaint must be determined without consideration of such conclusions. Flanagan, Indiana Pleading and Procedure, p. 187, §133.

It seems clear to us that the complaint herein alleges appellant was doing what he intended to do and in the usual manner in which he had performed such acts for about thirty years. It does not allege what, if any, mishap, unusual, unforseen or unexpected thing or things occurred which produced the injury. Therefore, we are of the opinion the trial court properly sustained appellee's demurrer to the complaint.

Because of the conclusion we have reached, we need not consider the second question presented.

Judgment affirmed.

ON PETITION FOR REHEARING

ROYSE, C. J.—For both the reasons stated in the opinion on rehearing in the case of *Florence M. Guthrie*

v. *Catherine Delores Blakely*, No. 18705, decided this day, the petition for rehearing herein is denied.

Kelley and Bowen, JJ., concur in result for the same reasons stated in their concurring opinions in the Guthrie case, *supra*.

NOTE.—Reported in 130 N. E. 2d 54. Rehearing denied, 131 N. E. 2d 362.