MARTHA SMITH FREEMAN *v.* COMMONWEALTH LIFE INS. CO.

[No. 1170A182. Filed August 22, 1972.]

*John R. Dollens,* of Scottsburg, for appellant.

*Ernest W. Smith, Fox & Smith,* of Jeffersonville, for appellee.

HUNTER, J.—This case is before us on a Petition to Transfer, and for the reasons stated herein the petition is denied. The appeal concerns an action for accidental death benefits by the beneficiary of the insured, the alleged aggressor in an encounter in which he was killed by his victim. The insured, Smith, and the victim, Bowling, were apparently friends except when Smith had been drinking. After drinking, Smith allegedly initiated a fracas with Bowling. Smith was shot and killed by a pistol which Bowling had pulled from his pocket during the tussle.

■ Summary judgment was entered for the insurer on the basis of the "reasonable foreseeability" test which is:

"[T]hat there will be no liability where the harm to the attacker-insured is such a probable and reasonably foreseeable consequence of his aggression that it would not be regarded by the ordinarily reasonable man as 'accidental.'" *Freeman* v. *Commonwealth Life Ins. Co. of Louisville* (1971), 149 Ind. App. 211, 213, 271 N. E. 2d 177, 179.

The Appellate Court reversed, holding that there was a genuine issue of fact as to whether the decedent's death was reasonably foreseeable, but additionally that the rule of "reasonable foreseeability" as stated above is not the law in Indiana and should not govern. We agree with the Appellate Court on both positions.

It is clear that even under the "reasonable man" foreseeability test stated above an issue of fact does exist. Accepting for the argument that Smith started the fight there is no evidence that he could have known that Bowling would draw a pistol and shoot him. It is also not clear whether the pistol was fired intentionally, in self-defense, or whether it was discharged accidentally. With this issue very much in doubt, summary judgment is not proper.

The insurer does not base its petition on that issue, but upon the test of "accidental means" adopted by the Appellate Court. The pertinent portion of the accidental death clause reads:

> "If an Employee . . . suffers the loss of life . . . as a result . . . of bodily injuries effected solely through external, violent and accidental means . . . the Insurance Company will . . . pay the amount provided for such loss." *Freeman, supra,* 149 Ind. App. at 212, 271 N. E. 2d at 178.

It is the rule, as petitioner admits, that an ambiguous term in an insurance policy will be resolved in favor of the insured. See *Freeman, supra,* 149 Ind. App. at 211, 271 N. E. 2d at 181, and cases cited therein. "Accidental means" is surely an ambiguous phrase susceptible to several interpretations. Petitioner contends that the phrase has received prior judicial interpretation by the courts of this state. The most recent of those cited is *Pearlmen* v. *Mass. Bonding and Ins. Co.* (1955), 126 Ind. App. 294, 299, 130 N. E. 2d 54, 57, which contains the following language:

> "The purpose of accident insurance is to protect the insured against accidents that occur while he is going about his business in the usual way, without any thought of being injured or killed, and when there is no probability, in the ordinary course of events, that he will suffer injury or death. The reason men secure accident insurance is to protect them from the unforseen, unusual, and unexpected injury that might happen to them while pursuing the usual and ordinary routine of their daily vocation, or the doing of the things that men do in the common everyday affairs of life.

> "We are of the opinion that the better reasoning points out, and the weight of authority holds, the true tests to be that, if in the act which precedes the injury, though an intentional act, something unusual, unforeseen and unexpected occurs which produces the injury, it is accidental; but, if in the act which precedes the injury something usual, foreseen and expected occurs which produces the injury, it is not accidentally effected. . . ."

Admitting that the actions must in some sense be unforeseen or unexpected, neither the case cited above nor the other cases cited by petitioner address themselves to the questions of from whose viewpoint do we look to see if it is unforeseen and whether it must be *actually* foreseen from the viewpoint of the deceased or only "reasonably foreseeable" from the viewpoint of an "ordinarily reasonable man." The Appellate Court admits that the majority rule is the "reasonable foreseeability" test but declares the better rule in this case to be:

> "We hold that whether the shooting of Smith was accidental, which is to say, whether the *means* by which he was killed was accidental, is not to be determined in terms of whether it was reasonably foreseeable to Smith, but in terms of whether it occurred with his intent or volition; whether it was an event which he actually expected or anticipated as the result of the violence he was then inflicting on Bowling; not whether a reasonable man in his situation would have been aware of a high degree of probability of such an occurrence, nor even whether he himself *should* have expected it. Only if he actually did expect it and persisted in his aggression in the face of that expectation, could it be said that his being shot in that fight was intentional or volitional. Anything less is accidental no matter how careless, negligent, reckless, or heedless may have been Smith's conduct in continuing his violence on Bowling." *Freeman, supra,* 149 Ind. App. at 222, 271 N. E. 2d at 184.

We agree. We are not here concerned with a negligence action but with the interpretation of a contract. Thus, reading the phrase "accidental means" in favor of the insured, the test set down by the Appellate Court is entirely proper and should be the guideline for the trial court on remand.

Petition to transfer denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 396.