**FARMERS MUTUAL AID ASSOCIATION, Defendant-Appellant,**

v.

**Charles WILLIAMS and June Williams, Plaintiffs-Appellees.**

**No. 3–1076A228.**

Court of Appeals of Indiana, Third District.

March 8, 1979.

Mehl, Mehl, Beeson & Leatherman, Thomas M. Leatherman, Goshen, for defendant-appellant.

Howard G. Heckner and Roger B. Cosbey, Heckner & Associates, Ligonier, for plaintiffs-appellees.

HOFFMAN, Judge.

Charles and June Williams (plaintiffs-appellees, Insureds) owned farm land situated in Noble County, Indiana which suffered damage and destruction by a tornado on April 3, 1974. The Williams' were assured against such an occurrence by Farmers Mutual Aid Association (defendant-appellant, Insurer). Insurer paid Williams' claims for destroyed property, including three head of cattle killed outright during the tornado, with the exception of a claim for the reduced value of an additional 17 head of cattle that Charles Williams was forced to sell. The Williams' brought an action for declaratory judgment and damages in the amount of $2,400 (the amount of lost profit stipulated by the parties). After trial by the court the following judgment was entered in Williams' favor (omitting formal parts):

> "The Court now finds that on the 3rd day of April, 1974, the plaintiffs were the owners of real estate situated in Noble County, Indiana, upon which real estate was situated a barn, confinement area and food supplies used for feeding 20 head of steers belonging to the plaintiffs; the Court further finds that on said date a tornado swept through Noble County, Indiana, damaging totally the barn, confinement area and rendering substantial damage to all food supplies situated on the plaintiffs' farm and used for the feed of said livestock; the Court further finds that the loss of the barn, confinement area and food supplies caused the 17 head of cattle that survived the tornado to be immediately and directly put off their feed and placed in a condition to suffer, and did in fact, suffer weight loss; the Court further finds that these conditions were the direct result of the tornado

against which the plaintiffs were insured by the policy of insurance issued by the defendant; the Court further finds that the cattle were sold on the 8th of April, 1974, and that the plaintiffs suffered a loss at said sale, which loss was direct result of the conditions created by the tornado; the Court further finds that the parties have stipulated that the loss of the plaintiffs is $2,400.00; and the Court now finds that the plaintiffs have been directly damaged in the amount of $2,400.00 and are entitled to recover said amount from the defendant.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the loss sustained by the plaintiffs is a direct loss caused by the tornado of April 3, 1974, and that the plaintiffs have been damaged in the amount of $2,400.00."

Insurer appeals challenging the sufficiency of the evidence to sustain the judgment and contending that the loss was not within the terms of the policy which indemnified against direct loss only, making the judgment contrary to law.

■ It is the duty of this Court to view evidence in the light most favorable to the prevailing party together with all logical inferences reasonably drawn therefrom. Neither the evidence nor credibility of witnesses will be reweighed. *Long v. Johnson* (1978), Ind.App., 381 N.E.2d 93; *Reynolds v. Meehan* (1978), Ind.App., 375 N.E.2d 1119.

■ The evidence favoring Williams disclosed that he was an outstanding cattle breeder with 40 years of experience. Prior to the tornado Williams had 20 head of cattle that were on a fattening diet or marbling process. Immediately after the tornado the 17 surviving cattle were reduced to lower quality range cattle due to destruction of the barn, confinement fences and feed grain necessary for their care. Since Williams was left without the means of caring for or controlling the cattle, they visibly deteriorated in condition as the reduction to roughage from fattening feed resulted in rapid weight loss. The time necessary to reverse the declining quality of the cattle would have been from two to four weeks. These facts were also attested to by Dr. Floyd Warren, a veterinarian who was familiar with Williams' cattle operation. Based on the condition of the cattle and in light of other immediate problems that the tornado had created, Williams made the decision to sell the cattle. Williams suffered a loss of profit by selling the cattle prior to maximum weight gain. This evidence sufficiently supports the judgment below.

■ The trial court found that the loss was covered by the insurance policy. This decision will be affirmed if it is sustainable upon any legal theory applicable to the evidence. *Thornton v. Pender* (1978), Ind., 377 N.E.2d 613; *Cressy v. Shannon Continental Corp.* (1978), Ind.App., 378 N.E.2d 941; *Reynolds v. Milford* (1978), Ind.App., 375 N.E.2d 265. Nowhere is the term "direct" defined within the terms of the insurance policy. In response to a question asked by the court, Charles Hill, president and former claims manager of the insurance company, responded that the term direct was incapable of precise definition. When an expert cannot define the provision it is not surprising that a layman such as Williams might entertain a definition at variance with that of the company. "Direct" is therefore an ambiguous term, as reasonably intelligent men might honestly differ as to its meaning. *Utica Mut. Ins. Co. v. Ueding* (1977), Ind.App., 370 N.E.2d 373. When a court is required to interpret an insuring provision ambiguities will be construed against the Insurer and in favor of the Insured. *Utica, supra; Taylor v. American Underwriters, Inc.* (1976), Ind.App., 352 N.E.2d 86; *Freeman v. Commonwealth* (1971), 149 Ind.App. 211, 271 N.E.2d 177, (transfer denied) 259 Ind. 237, 286 N.E.2d 396. The decision below is sustainable on this theory by giving effect to Williams' reasonable expectation that coverage would be provided for this loss. Thus, that decision is not contrary to law.

With no error having been demonstrated, the judgment is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, P. J., concurs in result.