Forrest **R. MONTGOMERY, Freda Montgomery, Plaintiffs,**

v.

**FARMERS INSURANCE GROUP, Mid-Century Insurance Company, Defendants.**

**No. IP 83–1857–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

May 29, 1984.

John P. Wilson, Greenwood, Ind., for plaintiffs.

Michael E. Brown, Indianapolis, Ind., for defendants.

## ENTRY

DILLIN, Chief Judge.

This is an action for declaratory judgment on an insurance policy. Defendants have moved for summary judgment that their liability, under the clear language of the insurance policy in effect in this matter, is limited to $25,000.00. Their motion is granted.

### Memorandum

This case arises from an automobile accident between plaintiff Forrest R. Montgomery and Robert Hinkle, who was insured by defendants, on December 5, 1981. Mr. Montgomery sustained physical injuries as a result of the accident. As well, plaintiff Freda Montgomery, his wife, claims damage for loss of consortium. The sole purpose of this action for declaratory judgment is to determine the applicable liability limit under the language of the insurance policy covering Robert Hinkle.

The policy defines "bodily injury" as "bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by a person." It defines "damages" as "includ[ing] damages for care and loss of services." The policy promises to "pay all damages the insured becomes legally obligated to pay because of: (A) bodily injury to any person, and/or (B) damage to property arising out of the ownership ... of the described automobile." The policy also features a lengthy description of limitations on liability:

> The limit of bodily injury liability stated in the Declarations as application to "each person" is the limit of the Company's liability for all damages arising out of bodily injury sustained by one person in any one occurrence. The limit of such liability stated in the Declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the Company's liability for all damages arising out of bodily injury sustained by two or more persons in any one occurrence.

The meaning of these two sentences is at the crux of this action because, as the plaintiffs have admitted, only Mr. Montgomery sustained bodily injury in the accident; Mrs. Montgomery sustained no bodily injury and her claim is only for loss of consortium.

The rule in Indiana is that words of an insurance policy, like those of any other contract, are given their plain and ordinary meaning. *Asbury v. Indiana Union Mutual Ins. Co.*, Ind.App., 441 N.E.2d 232 (1982). *Thompson v. Genis Building Corp.*, Ind.App., 394 N.E.2d 242 (1979). They are to be given the meaning that a reasonable person would give them. Any ambiguity is to be construed against the insurer, but when the language is plain no such construction is to be applied. *Farmers Mutual Aid Association v. Williams*, 179 Ind.App. 514, 386 N.E.2d 950 (1979).

In this case, the Court finds no ambiguity. The limit on bodily injury liability for each person, in this case $25,000.00, covers all damages stemming from the injury of one person in one accident. The limit on liability for each occurrence, in this case $50,000.00, limits the company's total liability when two or more persons sustain bodily injury in one accident.

Applying this clear language to the facts of this case, the $25,000.00 limit must be enforced. In this instance, only one person sustained bodily injury. While two persons assert claims for damages, the claim of the second is for loss of consortium arising from the bodily injury of the first. Mrs. Montgomery's claim is part of the "damages arising out of bodily injury sustained by one person in any one occurrence" and therefore is encompassed within the $25,-000.00 limit. The $50,000.00 limit could apply only if Mrs. Montgomery had sustained bodily injuries.

The Court will enter summary judgment in accordance herewith.

### JUDGMENT ENTRY

This cause having come before the Court on the Motion for Summary Judgment of the Defendants, Farmers Insurance Group

and Mid-Century Insurance Company, and the Court having this day entered an order granting said motion, the Court hereby EN-TERS JUDGMENT by DECLARING that if Robert Hinkle is liable to the Plaintiffs in this matter, the maximum combined liability of Farmers Insurance Group and Mid-Century Insurance Company, under policy number 36–10824–76–18 to the Plaintiffs is $25,000.00.

IT IS SO ORDERED, ADJUDGED AND DECREED.