## NATIONAL MASONIC ACCIDENT ASSOCIATION v. McBRIDE.

[No. 20,237. Filed March 31, 1904.]

INSURANCE.—*Waiver of Conditions.*—*Proofs.*—*Accident Insurance.*—A condition in an accident insurance policy requiring proofs of injury to be made within ninety days from the happening of the accident being entirely for the benefit of the insurer, it may waive a strict compliance therewith, and very slight circumstances are sufficient evidence of the intention of the insurer not to take advantage of the breach or to insist upon the forfeiture.

From Miami Circuit Court; *J. T. Cox*, Judge.

Action by Cicero R. McBride against the National Masonic Accident Association. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. T. Reasoner* and *J. W. O'Hara*, for appellant.
*R. J. Loveland* and *H. P. Loveland*, for appellee.

Dowling, J.—The appellee recovered a judgment against the appellant upon an accident policy issued by the latter, and the association appeals.

Error is assigned upon the ruling of the court denying a new trial. The causes stated in the motion were that the

finding of the court was contrary to law, and that it was not sustained by sufficient evidence.

The policy and by-laws required that in case of minor injuries, such as the one sustained by the appellee, a written notice, signed by the member, should be given to the secretary of the association, at Des Moines, Iowa, within ten days from the date of the injury, with full particulars thereof, stating the nature of the injury, and the full name, address, and occupation of the assured. It was also provided in the policy and by-laws that written or printed proofs must be completed and delivered to the association within ninety days from the happening of the accident, and that such proofs should state whether the member was wholly or partially disabled, and the time when such disability would probably terminate. A by-law of the association declared that all proofs must be sworn to by the claimant, and accompanied by a sworn certificate of a physician. Failure to furnish such proofs and evidence within the time specified was to be conclusively deemed a waiver of any right or claim to benefits.

All assessments and premiums were promptly paid by the appellee, and all the conditions of the policy were faithfully performed by him up to the time of the accident. On June 26, 1900, the appellee met with a railroad accident, and sustained thereby a severe bodily injury, which was directly caused by external, violent, and accidental means not excepted in the by-laws of said association, involving a fracture of the left leg between the knee and ankle, and the dislocation of the left elbow, which totally disabled him for more than one year. Within ten days after the accident, the appellee gave to the appellant the required notice, together with a statement of additional facts, but did not furnish sworn proofs or the certificate of the physician until after the expiration of ninety days from the date of his injury. The issues made upon the pleadings were whether the appellee had performed the

conditions of the contract, and, if not, whether the association had or had not waived the delivery of the proofs within the ninety days.

The only breach of the contract relied upon by the appellant on the trial was the failure of the appellee to deliver the proofs mentioned in the policy and by-law within the time prescribed, and on this ground alone a forfeiture of the claim of the appellee for the indemnity promised by the association was asserted. The condition that, in default of the delivery of the proofs required within ninety days after the accident, the right to claim the sum promised to be paid by the association should be forfeited, was entirely for the benefit of the insurer. But the appellant had the right to waive strict compliance with it, and in such cases very slight circumstances have been held sufficient evidence of the intention of the insurer not to take advantage of the breach or to insist upon the forfeiture. *Hollis* v. *State Ins. Co.,* 65 Iowa 454, 21 N. W. 774; *Replogle* v. *American Ins. Co.,* 132 Ind. 360, 366; *Insurance Co.* v. *Norton,* 96 U. S. 234, 24 L. Ed. 689; *Hartford, etc., Ins., Co.* v. *Unsell,* 144 U. S. 439, 449, 12 Sup. Ct. 671, 36 L. Ed. 496.

There was some evidence that the conduct of the appellant and its local agent, Augur, was such as to lead the appellee honestly to believe that he need not furnish the proofs within the time named in the policy, and that if he furnished them afterward it would be a sufficient compliance with the stipulation of the policy concerning them. He did afterwards deliver them, and they were unobjectionable in form. The question whether Augur was a general agent of the appellant, and the nature and scope of his authority, as recognized and acted upon by the appellant, together with the statements made by Augur to the appellee, were questions of fact proper to be submitted to the trial court.

It appeared, also, that the first statement sent by the ap-

pellee to the association at Des Moines, Iowa, contained much more than a mere notice of the occurrence of the accident, and the particulars required by the policy and by-law, and that it included substantially all the information required in the proofs of loss or injury. There was evidence, too, of a custom of the association, upon notice of an accident covered by a policy, to send to the assured blanks for the proofs it demanded; but that no such blanks were received by this appellee. Upon this and similar evidence, the court found that the appellant received the necessary proofs within the ninety days, or that, failing to do so, it waived its right to insist upon a forfeiture in consequence of this breach of the contract. We cannot say that these conclusions were not authorized by the proof. For these reasons, the court did not err in overruling the motion for a new trial.

Judgment affirmed.