HOME INSURANCE COMPANY *v.* DAY.

[No. 13,447.    Filed October 23, 1929.]

*Charles M. Snyder* and *E. L. Snider,* for appellant.
*Berry & Nolin* and *Barce & Barce,* for appellee.

REMY, J.—Appellee was the owner of a valuable farm barn, on which he carried $1,500 insurance against fire; one policy for $1,000 issued by appellant; another for $500 issued by the Continental Insurance Company. On February 27, 1925, the barn was totally destroyed by fire. Having received immediate notice, each company sent its representative to adjust the loss. There were ugly rumors as to the cause of the fire; and the State Fire Marshal was making an investigation; and when the adjusters came they decided to defer settlement of the loss until after the State Fire Marshal had completed his investigation, which decision was reported to appellee. The decision of the adjusters and the report to appellee were within 60 days after the fire, the time within which, under the terms of the policy, proof of loss was to be made to appellant company.

Appellant failed and refused to pay the loss, and appellee began this action on the policy. Complaint is in the usual form in such cases, except that it averred that proof of loss was not made within 60 days after the fire, facts being pleaded to the effect that appellant had waived that provision of the policy. Appellant pleaded the general issue, and, on the trial, which resulted in a verdict and judgment for the full amount of the policy, the sole defense was that proof of loss within the time fixed by the policy was not made.

Appellant has assigned as error the action of the court in overruling motion for new trial; and the only question which will require adjudication is the sufficiency of the evidence to show waiver by appellant of its right, under the policy, to written proof of loss within 60 days from the time of the fire.

On the trial, in addition to the facts above stated, which are not in controversy, there was evidence tending to prove that about five or six weeks after the fire, appellee wrote letters to appellant company asking for blank forms to be used by him in making proof of the fire loss; appellee, as a witness in his own behalf, so testified. A witness testifying for the company denied that any letter from appellee requesting blanks had been received, but admitted receipt of two letters from appellee in reference to the fire, and that neither of the letters was answered by the company. It also appears that the State Fire Marshal did not report the result of his investigation until after the expiration of 60 days from the time of the fire. Appellee also testified that he did not make proof of loss, for the reason that he was misled by the conduct of the company.

Formal proof of loss called for by the terms of a fire insurance policy may be waived, not only by denial of

liability, but by a course of conduct on the part of the insurer which would lead a reasonably prudent person to believe that such proof would not be required. *Havirland* v. *Farmers' Ins. Co.* (1927), 204 Iowa 335, 213 N. W. 762. In the case cited a case similar to the case at bar, Havirland, the insured, gave to his insurer notice of a fire loss, and was informed by the adjuster for the company that the fire was in the hands of the State Fire Marshal, and that nothing could be done and there was nothing to do until that officer had made his report. Havirland did not make proof of loss within the time fixed by the policy, and in an action to recover the loss, the insurance company defended on the ground that proof of loss had not been made within the time stipulated in the policy. On the other hand, it was contended, as in the instant case, that the company by its conduct had waived its right to require formal proof. The court decided that the question as to whether the company had waived its right to proof within the period fixed by the insurance contract was for the jury; and, in the course of its opinion, the court said: "Proofs of loss required by a policy of insurance may be waived by a shuffling or evasive course of conduct on the part of the company, amounting neither to an actual denial nor a distinct recognition of liability, but sufficient to lead a reasonably prudent person to believe that proofs of loss are not required." See *National Masonic, etc., Assn.* v. *McBride* (1904), 162 Ind. 379, 70 N. E. 483; *Germania Fire Ins. Co.* v. *Pitcher* (1902), 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003; *Franklin Fire Ins. Co.* v. *Updegraff* (1862), 43 Pa. 350.

In the case at bar, the evidence, without conflict, shows that, shortly after the fire, it was decided by appellant to await the report of the fire marshal before adjusting the loss, thus leaving the impression that the loss would be paid if the report

of that officer was favorable to the insured. If, by this conduct, appellee was, in fact, led to believe that formal proof would not be required, the conduct would, under the authorities, amount to a waiver on the part of the company of its right to require such proof. We hold that there is competent evidence from which the conclusion might be reached that appellant waived its right to proof of loss; and the verdict is, therefore, sustained by sufficient evidence.

Affirmed.