AMERICAN INCOME INSURANCE COMPANY *v.*
KINDLESPARKER.

[No. 15,181.  Filed March 9, 1936.  Rehearing denied June 4, 1936.
Transfer denied September 30, 1936.]

*Stuart A. Coulter, Joseph W. Hutchinson* and *Owen S. Boling,* for appellant.

*Walter S. Bent* and *Russell Wildman,* for appellee.

WOOD, J.—Appellee brought suit against the appellant to recover money alleged to be due and owing under an indemnity disability policy issued to him by appellant.

The complaint and supplemental complaint alleged in substance, that on September 28, 1931, appellant issued

a policy of insurance to appellee under the terms of which appellant agreed upon the payment of certain premiums to pay to appellee the sum of $100 per month so long as appellee should be disabled and unable to attend to any and every kind of duty pertaining to his occupation by reason of bodily injuries caused directly and independently of all other causes by external and accidental means; that on October 15, 1931, while said policy was in full force, appellee, who was a section foreman on the Wabash railroad, while engaged in lifting a motor car on the tracks of the railroad accidentally sprained his back, and the ligaments and tendons thereof, causing inflammation to develop in the left sacro-illiac region of his back disabling him; that he had performed all the terms and conditions of said policy, to be performed. The policy was made an exhibit to the complaint.

To this complaint the appellant filed an answer in four paragraphs. The first was a general denial. The second alleged that the appellee failed to furnish appellant with a written report from his attending physician every thirty days stating fully the condition of appellee and the probable duration of his disability as required in the policy. The third alleged that appellee had not made proof of his disability every thirty days as required in the policy. The fourth alleged that the policy provided that no action should be brought to recover on it prior to the expiration of sixty days after proof of loss had been filed and that appellee had never made any proof of loss as required in the policy. To the second, third and fourth paragraphs of answer, appellee filed a reply alleging somewhat in detail a history of the various transactions had between appellant and appellee subsequent to the date when the alleged accident occured.

The cause was tried to the court without a jury. On request the court found the facts specially, stated its

conclusions of law thereon, and after overruling appellant's motion for a new trial, rendered judgment for appellee in harmony with the conclusions of law.

Appellant appealing assigns as error for reversal, that the court erred in its first and second conclusions of law, and in overruling appellant's motion for a new trial. The only causes for a new trial discussed in appellant's brief are, that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellant contends that the special finding of facts is not sufficient to sustain the conclusions of law and the judgment based thereon for the reason that there is no finding of fact, "That the insured was injured and disabled by the means against which the policy insured."

Among other things, the policy in suit insured the appellee "against the effects of bodily injuries, caused directly and independently of all other causes by external and accidental means, . . . which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly by any disease, defect or infirmity, and which shall from the date of the accident result in continuous disability," and, "if such injury shall not result in any of the losses enumerated in Part 1 (with which we are not concerned) but shall directly, immediately, wholly and continuously disable and prevent the insured from attending to his occupation, and he shall be regularly attended by a legally qualified physician, the company will pay him for a period not exceeding thirty-six consecutive months, indemnity at the rate per month of one hundred and no/100 Dollars." By its special finding No. 4, the court found as a fact, "That on October 15, 1931, plaintiff, while in the employ of the Wabash Railroad as a section foreman, received personal injuries as a result of an accident, while engaged in lifting a handcar upon the tracks of said railroad whereby his back and pelvic region became disabled and

have ever since been disabled, and he has been wholly unable to perform any work of any kind whatsoever and has been continuously under the care of a physician."

The appellant contends with much earnestness, that the facts as found by the court in finding No. 4 brings this case within the rule announced in those cases which hold that an injury resulting from voluntary physical exertion or from intentional acts on the part of the insured are not accidental within the meaning of a contract like the one under consideration, and if the result was such as follows from ordinary means voluntarily employed, not in an unusual or unexpected way, it cannot be called a result effected by accidental means, and that the statement in the finding that appellee "received personal injuries as a result of an accident," is a conclusion not warranted by any facts found and must be ignored in determining the sufficiency of the facts to sustain the conclusions of law. Citing in support thereof *Husbands* v. *Indiana, etc., Assn.* (1924), 194 Ind. 586, 133 N. E. 130.

We do not think that the case cited supports appellant's contention or that the language employed therein by the court is subject to the construction which the appellant would have us place upon it. In that case the Supreme Court said (p. 593) : "The recital in the special finding of the conclusions that the wrenching and straining of his body in shaking the furnace was 'accidental' and that the rupture of the blood vessel was caused by 'accidental means,' must be disregarded, except so far, if at all, as they are supported by the facts found." Which expression appellant says, when applied to the language used in finding No. 4 in the instant case withdraws it from the realm of a finding of fact and necessarily classifies it as a conclusion. The meaning which we think the court intended to convey by this

language was, that to say the wrenching and straining of the body in shaking the furnace was accidental was a conclusion, and the further statement in the finding that the rupture of the blood vessel was caused by "accidental means" being predicated upon this conclusion must of necessity be disregarded, except insofar as it was supported by the facts found.

Where the primary facts found lead to but one conclusion, or where such facts are of such character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the trial court and sufficient on appeal. In such instances the facts are sufficiently found, though there may be a technical defect of statement in the finding. If the finding of facts contains enough ultimate facts to support the judgment it will be sufficient though it may not find all the issuable facts and may contain primary or evidentiary facts. Furthermore in determining whether conclusions of law are supported by a special finding of facts it is necessary to bear in mind the rule that, " 'a special finding like a special verdict, a series of instructions, or the like, must be considered as a whole, and it cannot be dissected into fragmentary parts and successfully assailed in detail. One part may be considered in connection with other connected parts, or parts referring to the same transaction, and if taken as a whole the finding legitimately supports the judgment it will be upheld.' And in determining whether the judgment is thus supported, all intendments and presumptions are in favor of the finding rather than against it." *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629, 14 L. R. A. (N. S.) 483; *National Surety Co.* v. *State* (1914), 181 Ind. 54, 103 N. E. 105; *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 112 N. E. 36.

Our Supreme Court and this court have frequently defined the word "accident." In the case of *General*

*Printing Corp.* v. *Umback* (1935), 100 Ind. App. 285, 292, 195 N. E. 281, in discussing the meaning of the word accident as used in the "Workmen's Compensation Law," this court said: " 'Accident,' as the word is used in this act, has been repeatedly defined by this court as an unlooked-for mishap, an untoward event, which is not expected or designed. *General, etc., Corp.* v. *Weirick* (1921), 77 Ind. App. 242, 133 N. E. 391; *Brewer* v. *Veedersburg Paver Co.* (1931), 92 Ind. App. 547, 177 N. E. 74. In the case of *General, etc., Corp.* v. *Weirick, supra,* this court cited and quoted with approval from the case of *Western Commercial Travelers' Ass'n* v. *Smith* (1898), 85 Fed. 400, 40 L. R. A. 653, where the phrase 'accidental means' was discussed and defined, in the following language: 'An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing under the maxim to which we have adverted, is produced by accidental means. It was produced by means which were neither designed nor calculated to cause it. Such an effect is not the result of design, cannot be reasonably anticipated, is unexpected, and is produced by an unusual combination of fortuitous circumstances; in other words, it is produced by accidental means.' "

An injury may be the result of accidental means, though the act involving the accident was intentional. *United States, etc., Co.* v. *Griffis* (1917), 186 Ind. 126, 114 N. E. 83, L. R. A. 1917F 481.

In the case of *Elsey* v. *Fidelity, etc., Co.* (1918), 187 Ind. 447, 120 N. E. 42, where the insured suffered injury as the result of sunstroke while riding on a street car and the same contention was made as is presented here,

our Supreme Court in answering such contention said (p. 449) : "The purpose of accident insurance is to protect the insured against accidents that occur while he is going about his business in the usual way, without any thought of being injured or killed, and when there is no probability, in the ordinary course of events, that he will suffer injury or death. The reason men secure accident insurance is to protect them from the unforeseen, unusual, and unexpected injury that might happen to them while pursuing the usual and ordinary routine of their daily vocation, or the doing of the things that men do in the common everyday affairs of life.

"We are of the opinion that the better reasoning points out, and the weight of authority holds, the true tests to be that, if in the act which precedes the injury, though an intentional act, something unusual, unforeseen, and unexpected occurs which produces the injury, it is accidental; but, if in the act which precedes the injury something usual, foreseen and expected occurs which produces the injury, it is not accidentally effected."

In the case of *Hoosier, etc., Co.* v. *Royster* (1925), 196 Ind. 629, 149 N. E. 164, after reviewing various authorities and decisions from the courts of appeal of this and other states, our Supreme Court held the evidence sufficient to sustain a finding that the insured's death resulted from injuries brought about through accidental means, when he unintentionally punctured the lower bowel while inserting a tube or instrument therein for the purpose of applying medicine to hemorrhoids with which he was afflicted.

Considering the language used in finding No. 4 in the light of the rules above set out, which control our deliberations under such circumstances as here confront us, we think it amounts to an ultimate finding of fact, that the appellee suffered "bodily injuries caused directly

and independently of all other causes by external and accidental means," against which the policy indemnified him. *Atlanta, etc., Co.* v. *Alexander* (1897), 104 Ga. 709, 30 S. E. 939, 42 L. R. A. 188.

Appellant's next contentions are that the special finding of facts is not sufficient to sustain the conclusions of law because there is no finding that appellee furnished written proofs of disability as required by the policy or that appellant had waived the making of such proofs before the bringing of this action. Contracts of insurance may be strictly construed against the company when necessary to prevent a forfeiture of the policy. If the policy contains inconsistent provisions or terms requiring construction, that interpretation should be adopted, if possible, which will sustain rather than forfeit the contract. *Metropolitan, etc., Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785. Conditions in an insurance policy requiring notice of an accident to be given within a particular time or in a particular manner are for the benefit of the insurance company and can be waived, and in such cases very slight circumstances have been held sufficient evidence of the intention of the insurer not to take advantage of the breach or to insist upon the forfeiture. *National, etc., Ass'n* v. *McBride* (1904), 162 Ind. 379, 70 N. E. 483; *Farmers, etc., Co.* v. *Jackman* (1905), 35 Ind. App. 1, 73 N. E. 730; *National, etc., Co.* v. *Gellman* (1925), 83 Ind. App. 219, 144 N. E. 154. The receipt and retention of premiums after knowledge of a claimed disability may amount to a waiver of forfeiture or right to annul the policy of insurance. *Masonic, etc., Ass'n* v. *Beck* (1881), 77 Ind. 203; *German, etc., Co.* v. *Yeagley* (1904), 163 Ind. 651, 71 N. E. 897; *Farmers, etc., Co.* v. *Jackman, supra; Metropolitan, etc., Co.* v. *Johnson, supra.* When under the terms of the policy the insured is required to make proof of disability within a certain

time upon blanks to be furnished by the company, and it neglects or refuses to supply the blanks within the designated time after receiving notice of the alleged disability, this conduct upon the part of the company may be considered in determining whether or not it has waived the right to insist upon the making of such proof as a condition precedent to a right to recover upon the policy. *National, etc., Ass'n* v. *McBride, supra; Phoenix, etc., Ass'n* v. *Stiver* (1908), 42 Ind. App. 636, 84 N. E. 772. In the late case of *Home, etc., Co.* v. *Day* (1929), 90 Ind. App. 128, 168 N. E. 464, this court cited the case of *Havirland* v. *Farmers, etc., Co.* (1927), 204 Ia. 335, 213 N. W. 762, from which it approvingly quoted the following language (p. 130) : "Proofs of loss required by a policy of insurance may be waived by a shuffling or evasive course of conduct on the part of the company, amounting neither to an actual denial nor a distinct recognition of liability, but sufficient to lead a reasonably prudent person to believe that proofs of loss are not required."

Whether appellant's agent, who sold appellee the policy of insurance sued upon, was acting within the scope of his authority as agent of appellant when he consulted and advised with appellee concerning the adjustment and settlement of his alleged claim for disability, and thereby bound the appellant company, was a question for the trial court to determine from all the facts and circumstances properly disclosed by the evidence in the case. *National, etc.* v. *McBride, supra.*

Among some of the facts found by the court on this phase of the case are the following: that the accident in which the appellee was injured occurred October 15, 1931, within two or three days thereafter appellee notified appellant's agent, through whom he obtained the policy; that this agent said he would

notify the company and that blanks for proof of loss would be furnished appellee by the company, and that he, the agent, would fill them out for appellee and assured appellee that his claim would be paid; that appellee had frequent conferences, at least once a week, with this agent, until the commencement of this action, in all of which he was assured that his claim would be paid; that on October 23, 1931, appellee and his attending physician, within the time stipulated in the policy, on a form which he received with the policy, mailed a notice of his accident to appellant, which notice was received by it, and though the policy provided that appellant would within fifteen days from receipt of said notice send appellee blank forms on which to make proof of loss, appellant never sent him any such forms; that on December 29, 1931, appellee mailed a letter to appellant which it received, calling attention to his original proof of accident and asking why it had been ignored; that on January 5, 1932, appellant answered appellee's letter of December 29, 1931, in which appellant informed appellee that it had written to its agent through whom appellee obtained the policy for further information regarding appellee's injuries; that as soon as appellant received such information it would promptly reply to appellee's inquiries; that appellant never did write to appellee thereafter; that on January 5, 1932, appellant wrote to its said agent advising him of the receipt of appellee's letter of December 29, 1931, and asking for further information regarding appellee's claim; that on January 14, 1932, appellant wrote a letter to appellee's attending physician asking for information regarding appellee's physical condition, and on January 15, 1932, said physician answered this letter fully advising appellant of the character and extent of appellee's injuries; that on May 2, 1932, appellee, at the request of appellant, submitted to a physical examination by a

physician of appellant's own choice, which physician after making said examination submitted a report thereof to appellant; that on March 30, 1932, appellee brought suit against appellant on his alleged claim, to which action appellant appeared and interposed a defense; that said suit was dismissed in November, 1932, without any judgment having been rendered thereon; that after appellee received the alleged injuries and after appellant had been notified thereof, to wit: on January 1, April 1, July 1, and October 8, 1932, appellee paid to and appellant received and retained the quarterly installments of premium on said policy of insurance, being in full thereof to January 1, 1933, when appellee again sent a remittance to appellant for the quarterly premium to April 1, 1933, together with a letter demanding payment of the indemnity which appellee claimed was due and unpaid to him, also enclosing a written statement of his attending physician again describing the character and extent of his injuries; that appellee received no reply to this communication and on January 12, 1933, commenced this action; that on January 14, 1933, appellant wrote appellee notifying him of the cancellation of his policy as of January 1, 1933, and returning his remittance for the premium on the policy which appellee refused to accept. Finding No. 12 reads as follows: "And the court further finds that defendant through its agent and through by written communications had, soon after October 23, 1931, knowledge of plaintiff's injuries and the continuation of such injuries and has evaded, failed and refused to settle with the plaintiff under the terms of said policy, and has denied liability thereon, thereby waiving further proofs of injury."

We think the facts above enumerated are so persuasive in their character as to preclude the trial court

from reaching any conclusion other than it did on this phase of the case.

The appellant has made a vigorous assault upon the sufficiency of the special finding of facts as a basis for the court's conclusions of law. The special finding is not to be commended as a model but when considered as a whole it is sufficient to withstand the criticism directed against it by appellant. But if appellant's insistence should be granted, still it would not for that reason be entitled to a reversal of the judgment, for while it is true that generally speaking this court has no power to add to a special finding of facts, we may however give heed to a fact appearing in the evidence which does not admit of dispute, in order to uphold the judgment. "Such a case, in our opinion, is one of a defect in form, or imperfection contained in the proceedings, which the statute provides shall be deemed amended in the Supreme Court." *Marion Trust Company* v. *Bennett* (1907), 169 Ind. 346, 82 N. E. 782; Sec. 2-3231, Burns 1933, Sec. 505, Baldwin's Ind. St. 1934.

We have examined the evidence; it is sufficient to sustain the decision of the court and the decision is not contrary to law. The motion for a new trial was properly overruled. The merits of the cause were fairly tried and determined in the lower court.

Finding no reversible error, the judgment is affirmed.