COLONIAL FIRE UNDERWRITERS OF THE NATIONAL FIRE INSURANCE COMPANY *v.* GERMAN ET AL.

[No. 16,465.   Filed January 23, 1941.]

*Oscar B. Smith,* of Knox, for appellant.
*Orville W. Nichols,* of Knox, for appellees.

FLANAGAN, J.—Prior to November 11, 1933, Lewis W. German was indebted to the American State Bank in the sum of $700.00 as security for which indebtedness he had executed a mortgage on certain real estate in Starke County, Indiana. He had also purchased from the appellant, Colonial Fire Underwriters of the National Fire Insurance Company of Hartford, a policy of fire insurance upon the dwelling house situate upon that real estate, with the usual clause in favor of the mortgagee. This clause provided that, if the insurer should pay to the mortgagee any sum for loss or damage, and claim that as to the mortgagor no liability existed, then the insurer should be subrogated, to the extent of such payment, to all the rights of the mort-

gagee. The policy further provided that as to the mortgagor, as a condition precedent to collection on the policy, in case of fire, the insured mortgagor should give notice thereof to the insurer within six days, and in addition thereto within sixty days after such loss give a formal sworn statement to the insurer, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon, all encumbrances thereon, all other insurance whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in title, use, occupation, location, possession, or exposures of said property since the issuing of the policy; by whom and for what purpose any building therein described and the several parts thereof were occupied at the time of the fire; and if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged.

On the 11th day of November, 1933, the dwelling house so insured was destroyed by fire.

On or about January 28, 1935, for said loss and under said policy, the appellant, Colonial Fire Underwriters of National Fire Insurance Company of Hartford, paid to the mortgagee, American State Bank, the sum of $516.07 and took a subrogation assignment of that proportionate share of its mortgage.

On January 2, 1937, Lewis W. German died testate, making John O. German the sole devisee under his will. Otis F. German was duly appointed executor of said will.

This action was brought by John O. German as such sole devisee and Otis F. German as executor of the last will and testament of Lewis W. German against the

Colonial Fire Underwriters of the National Fire Insurance Company of Hartford and American State Bank, seeking to have cancelled the partial assignment of mortgage supporting the subrogation agreement with the American State Bank and asking that the mortgage debt of the American State Bank be adjudged satisfied to the extent of the sum of $516.07 paid to it by said Insurance Company. Appellant Colonial Fire Underwriters of the National Fire Insurance Company of Hartford, by cross-complaint sought to foreclose its assigned interest in the mortgage.

The cause being duly submitted, the court upon request, found the facts specially, stated its conclusions of law thereon and entered its decree granting the relief asked by the plaintiffs.

The appellant, Colonial Fire Underwriters of the National Fire Insurance Company of Hartford, by its exceptions to the conclusions of law, presents the question as to whether the insured, Lewis W. German, forfeited his interest in the insurance policy by failure to comply with the clause requiring the furnishing of formal proof of loss within sixty days.

Appellees admit failure to furnish the proof of loss but contend that the insurer by its acts and conduct waived such compliance.

The involved clause is one entirely for the benefit of the insurer and the insurer may waive strict compliance with it. Very slight circumstances have been held sufficient evidence of the intention of the insurer not to take advantage of the breach or insist on the forfeiture: *National Masonic, etc., Assn.* v. *McBride* (1904), 162 Ind. 379, 381, 70 N. E. 483, 484.

In this case the insured, Lewis W. German, on November 13, 1933, two days after the loss reported it to the

local agent of the appellant company, from whom he had purchased the policy. The local agent immediately notified the home office by mail. A few days later the company sent its adjuster, who called on the insured, went with the insured to the office of the local agent, obtained the information he desired concerning the policy and left with the insured to go to the scene of the fire.

All of this occurred well within the period of sixty days within which proof of loss was to have been furnished by insured. Nothing further occurred until after the expiration of the sixty days. Thereafter, however, several letters were exchanged between the local agent who at insistence of the insured was urging settlement of the loss, and the home office of the company. The letters from the home office indicated the company was delaying adjustment of the loss pending a report from the State Fire Marshal and from the company's Indianapolis office. Nothing was ever said about failure to furnish proof of loss until after the commencement of this suit.

The facts in the case of *Aetna Insurance Co.* v. *Robinson* (1937), 213 Ind. 44, 10 N. E. (2d) 601 were very similar to the facts here. In that case the court said:

"It is urged that there was no evidence that the provision of the policy sued on, requiring the assured to furnish appellant within 60 days a sworn statement of loss, was waived, or that anyone assuming to represent appellant, 'by any act or speech, waived the provision of the policy.' The evidence discloses that immediately after the fire Robinson reported the loss to appellant's agent, and that the agent made out the fire loss report and sent it to the company; that immediately thereafter Robinson wrote to the company, notifying it of the loss, and that within a few days a representative of the company appeared, discussed the

loss with Robinson, interviewed appellant's local agent and requested him to accompany him to the scene; that the adjuster and appellant's agent made a survey of the scene and took some measurements; that Robinson wrote to the company well within the 60 days concerning the loss, and that the company well within the 60 days acknowledged receipt of his letter, and informed him that the matter was referred to its Indianapolis office, and stating that they were calling the attention of the Indianapolis office to his communication. He received no word from the Indianapolis office for about four weeks, and until the 60 day period had expired, when he was notified that the company was denying liability. The denial of liability is based in part upon his failure to submit the proof of loss within the 60 days. *In National Masonic Accident Association* v. *McBride* (1904), 162 Ind. 379, 381, 70 N. E. 483, it is said: 'But the appellant had the right to waive strict compliance with it (proof of loss), and in such cases very slight circumstances have been held sufficient evidence of the intention of the insurer not to take advantage of the breach or to insist upon forfeiture.' The fact that the fire loss report was made out by the agent, that in response to his letter a representative of the company appeared, who made inquiry and examined the premises, and the statement in the letter from the company's superintendent of loss department: 'As this matter was referred to our Indianapolis office we are calling its attention to your communication,' all well within the 60 days, might have led Robinson, or any reasonably prudent person, to believe that the company was taking cognizance of his claim and taking action toward adjusting it, and that it did not desire formal proof. The jury heard the evidence and apparently so concluded."

The trial court in this case reached the same conclusion with, we think, equal justification.

In its special finding of facts the trial court omitted to find that the adjuster was in fact the agent of appel-

lant. However, in the evidence this fact is undisputed and this court will consider the finding properly amended. *Marion Trust Co., Rec.* v. *Bennett et al.* (1907), 169 Ind. 346, 82 N. E. 782; *American Income Insurance Company* v. *Kindlesparker* (1936), 102 Ind. App. 445, 200 N. E. 432.

Appellant by its motion for a new trial challenges the sufficiency of the evidence to sustain the special finding of facts. Examination of the record discloses ample evidence to support the court's finding.

Finding no reversible error in the record judgment is affirmed.

NOTE.—Reported in 31 N. E. (2d) 68.