MCCABE ET AL., EXRS. *v.* GRANTHAM, ADMX.

[No. 16,560. Filed February 14, 1941.]

*William J. Sprow*, of Crawfordsville, for appellants.

*Harry N. Fine* and *Harding & Harding*, all of Crawfordsville, for appellee.

DeVoss, J.—On August 18, 1937, appellee herein filed in the Montgomery Circuit Court, her verified claim against the estate of Charles M. McCabe, deceased, which estate was represented by appellants as executors of the last will and testament of said Charles M. McCabe.

The claim as filed is predicated upon a trust alleged to have been created by and between appellee's decedent, James F. Grantham, and decedent of appellant, Charles M. McCabe, whereby appellee's decedent placed with appellant's decedent U. S. Government Bonds in the principal sum of $11,000.00, to be held in trust until some litigation relating to the payment of a note was terminated; that said McCabe represented said Grantham as his attorney therein; that said litigation remained pending and was not disposed of until November 12, 1932; that appellant's decedent failed and refused to return said bonds to said Grantham, but cashed the same, retained the proceeds thereof and that the funds derived therefrom are impressed with a trust and constitute a preferred claim against the estate of Charles M. McCabe.

The claim was disallowed by the executors of the will of Charles M. McCabe, deceased, and was transferred to the trial docket of the Montgomery Circuit Court as a cause of action therein pending.

Said cause was submitted to the court for trial and at the proper time defendants (appellants) filed a request for special findings of fact and conclusions of law thereon by the court, and the court did so make and file its special findings of fact and stated its conclusions of law thereon adversely to appellants, to each of which conclusions of law, appellants at the proper time excepted. Judgment was rendered for appellee against appellants in the sum of $15,744.23, with interest at the rate of 4¼ per cent per annum from date, and that same be paid in preference to and prior to all claims of general creditors in due course of administration of said estate together with costs expended.

Appellants thereafter filed their motion for a new trial, which motion was overruled by the court, to which ruling appellants excepted and this appeal follows.

Errors assigned for reversal of the judgment herein are: (1) The court erred in each of its conclusions of law, separately and severally considered, as stated on its special findings of fact. (2) The court erred in overruling appellants' motion for a new trial.

The specific reasons assigned in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law.

By its special finding, the court, among other things, found that James F. Grantham died intestate on March 2, 1929, and that his widow, Ida Grantham, was duly appointed and qualified as administratrix of his estate; that Charles M. McCabe died testate on August 6, 1932, and that Charles E. McCabe and William W. Kummings

were duly qualified as executors of his last will and testament and that each of the above named decedents was, at the time of his death, a resident of Montgomery County, Indiana; that James F. Grantham on March 25, 1920, executed a note to the Indiana National Finance Corporation payable four months after date and that when the same became due in the year 1920, he employed Charles M. McCabe as attorney to represent him in resisting the payment thereof; that a complaint was filed thereon and said Charles M. McCabe continued to represent said James F. Grantham as his attorney therein until the death of said Charles M. McCabe, and that on November 12, 1932, said cause of action was dismissed at costs of plaintiff; that at the time said Charles M. McCabe was so employed by said James F. Grantham, said James F. Grantham was the owner of certain U. S. Liberty Bonds of the par value of $21,050.00; that said bonds consisted of one $10,000 registered bond, one registered bond of the par value of $50, and the following coupon bonds, namely: 1 bond, par value $5,000; 1 bond, par value $5,000; 1 bond, par value $500; 1 bond, par value $500.

That soon after his employment said Charles M. McCabe requested said Grantham to turn all of said bonds over to him to be held by said McCabe for said Grantham, and that pursuant to such request said Grantham delivered all of said bonds to said McCabe, who received and took custody of them; that thereafter upon request of said Grantham said McCabe delivered to him (Grantham) the $10,000 registered bond, but retained the balance of said bonds; that from time to time thereafter upon request of said Grantham said McCabe failed and refused to deliver said bonds to said Grantham; that thereafter when the health of said Grantham began to fail, said Grantham sent his wife,

Ida Grantham, to said McCabe and requested the return of said bonds, and that said McCabe delivered to her for her said husband one registered $50 bond, but refused to deliver the remainder thereof; that in the latter part of July, 1928, said Ida Grantham, at the request of her husband, went to said McCabe and requested him to deliver said bonds to her, but that he (McCabe) refused to turn the same over to her, but that said McCabe did deliver to said Ida Grantham a written statement in the following words:

"Dear Madam:

As per your request I hand you the following list of bonds turned over by Mr. Grantham to me for reasons understood by yourself and him and for which I am accountable and will make due accounting at the proper time.

| | |
|---|---|
| 1 Third Liberty Coupon Bond | $ 5,000 |
| 1 Third Liberty Coupon Bond | 5,000 |
| 1 Second Liberty Coupon Bond | 500 |
| 1 Second Liberty Coupon Bond | 500 |
| Total | $11,000 |

Respectfully yours,
Charles M. McCabe.

Crawfordsville, Ind., July 31, 1928.
To Mrs. James Grantham,
Ladoga, Ind."

That after the death of said James Grantham, and after the appointment and qualification of Ida Grantham as administratrix of his estate, she from time to time, up until a few months prior to the death of said McCabe, requested that he turn said bonds over to her, but that he refused. That on several occasions when demand was made, said McCabe would indicate a date some weeks ahead and stated that on that day he would make settlement, but that he failed to make settlement and refused to tell her where the bonds were.

The court further found that Maude Harper, a daughter of said James F. Grantham, on a number of times, on behalf of her father, requested the return of said bonds from Charles M. McCabe but that he refused to do so; that on January 22, 1932, said McCabe delivered to said Maude Harper a written statement in the following words and figures:

"For value received I hereby guarantee to Maude G. Harper that she will receive through and from me within six months from this date the sum of three thousand three hundred thirty-three and 33/100 dollars out of the estate of her father within the ensuing six months without reference to her claim to share in certain shares of the capital stock of the Ladoga Building and Loan.

Dated this 22d day of January, A. D. 1932.

Charles M. McCabe."

The court further found that the $3,333.33 specified in said written instrument was the par value of one-third interest in said coupon bonds amounting to $11,000.00.

The court further found that said McCabe paid to said James F. Grantham each year up to September 15, 1928, the interest due on said coupon bonds and that said interest due thereafter on said bonds has not been paid to him or to the administratrix of his estate by any person and that said coupon bonds or any of them have ever been returned to said James F. Grantham during his lifetime nor to the administratrix of his estate by anyone.

The court further found that said Charles M. McCabe held the bonds aggregating $11,000 in par value in trust for James F. Grantham in the latter's lifetime and continued to hold the same in trust for the estate of said Grantham following his death. That said McCabe, while holding said bonds in trust, converted the

same to his own use, commingled the proceeds thereof with his individual assets and property, and thereby enhanced the value of his assets and property to the extent of the par value of said bonds and the interest accruing thereon after the last payment of interest thereon to said Grantham as herein found.

That after the death of said Grantham, said McCabe paid, on the 20th day of December, 1930, the funeral expenses of said Grantham to the extent and in the sum of $514.50; that the estate of said Charles M. McCabe had been enhanced in value to the extent of the net proceeds of said bonds and that said McCabe concealed from said Grantham in his lifetime and from Ida Grantham, administratrix of his estate, the fact that he had diverted said bonds and commingled the proceeds with his own assets.

That said Charles M. McCabe in his lifetime, and the executors of his will, hold the proceeds of the $11,000 par value government bonds and the net accruals thereon in trust for the benefit of Ida Grantham, administratrix of the estate of Charles F. Grantham, and such proceeds are in equity the assets of the estate of said McCabe and all charged with a lien as a preference to the extent of said claim.

The court further found that said Charles M. McCabe never at any time during his lifetime returned said coupon bonds or any of them to said James F. Grantham and that the executors of the will of said McCabe nor either of them has returned said coupon bonds or any of them to the administratrix of the estate of said Grantham.

That the said administratrix of the estate of James F. Grantham conferred with said McCabe relative to making an inventory of the personal property belonging to said estate and with reference to taking over

said coupon bonds as the property of said estate, and that said McCabe neglected and refused so to do and informed her that it could be taken care of later.

That said Charles M. McCabe at the time of his death was the owner of personal property, life insurance, corporation stock, and real estate of the appraised value of $29,153.67, and that claims have been allowed against his estate in the sum of more than $67,000.00 as general claims and that said estate is insolvent.

Upon the findings of fact, the court stated its conclusions of law as follows:

(1) The law is with the claimant and she is entitled to recover against the estate of Charles M. McCabe, deceased, the aggregate sum of $15,744.32 of principal and interest accrued to December 14, 1939.

(2) That the claimant is entitled to a preference in her claim against all general claims and creditors of the estate of said Charles M. McCabe, deceased, and is entitled to have her claim paid as a preferred claim out of the assets of said Charles M. McCabe before any of the general debts and liabilities thereof are paid.

(3) That the claimant is entitled to recover her costs herein.

It is contended by appellant under his first assigned error that the special findings of fact discloses that the claim was barred by the six-year statute of limitation; that said special findings of fact fails to disclose any trust relationship existed between appellee and appellant. That if such a trust relationship did exist, the statute of limitations began to run against said claim when Charles M. McCabe disallowed and repudiated such so-called trust more than six years prior to the filing of the claim herein, and that the special finding discloses that said Charles M. McCabe disallowed and repudiated any trust relationship more than six years

prior to the filing of said claim. That said special findings of fact fails to show that the bonds or any part thereof or any funds derived therefrom were traced to any specific item of property owned by said Charles M. McCabe at the time of his death. Therefore, the same is not a preferred claim against said estate of Charles M. McCabe and that a conclusion of law relative to the recovery of costs is improper.

In determining whether the special finding supports the conclusions of law upon which the judgment is based, we keep in mind the established rule of law that the finding cannot be dissected into fragmentary parts, but must be considered as a whole, and all intendments and presumptions are to be taken in favor of the finding, rather than against it. *American Income Ins. Co.* v. *Kindlesparker* (1936), 102 Ind. App. 445, 200 N. E. 432; *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629.

The subject-matter of this action is personal property and a trust in personal property may be created by parol. No particular form of words is necessary in order to create such trust, and the facts and circumstances as found, from which the intention to create a trust is to be determined, must be considered. *Taber* v. *Zehner* (1911), 47 Ind. App. 165, 93 N. E. 1035.

The special findings of fact disclose that in the year 1920, Charles M. McCabe received bonds of the par value of $21,050.00 from James F. Grantham to hold for said James F. Grantham. This finding standing alone would of itself establish a trust. The further finding that shortly thereafter a $10,000 bond was returned to said Grantham, and a $50 bond was returned to Ida Grantham, for said James F. Gran-

tham; that interest was paid by said McCabe to said Grantham each year on the bonds held by him up to 1928; that in the year 1928, said Charles M. McCabe stated in writing that said bonds had been turned over to him and that he would make due accounting; that in 1932, he executed in writing an acknowledgment of his liability for one-third of the value of the bonds then held to Maude G. Harper, a daughter of said Grantham; that after the death of said Grantham on December 20, 1930, said McCabe paid the sum of $514.50 on the funeral expenses of said Grantham, and the further finding that said Charles M. McCabe held the bonds set forth in the finding aggregating $11,000 in par value in trust for James F. Grantham in his lifetime and continued to hold the same in trust for his (Grantham's) estate following his death, and that the executors of the will of said McCabe hold the proceeds of the $11,000 par value Government Bonds and the accruals thereon in trust for the benefit of the administratrix of the estate of James F. Grantham, considered together would, in our opinion, be a sufficient finding to establish and to warrant a conclusion of law that plaintiff was entitled to recover on the trust. Such trust was an express and continuing trust and was not subject to the six-year statute of limitations.

In the case of *Jones, Executor* v. *Henderson* (1908), 149 Ind. 458, 49 N. E. 443, the court quotes from Beach Mod. Eq.: " 'Length of time is no bar to a trust clearly established, and express trusts are not within the statute of limitations, because possession of the trustee is presumed to be the possession of his cestui que trust.' "

Quoting further from the same opinion, the court said: "One proposition thoroughly settled is that ex-

press or direct and continuing trusts are not within the statutes of limitations."

There is no finding which discloses that Charles M. McCabe ever disavowed, disallowed or repudiated the trust, but on the contrary the finding discloses that he merely refused to render an accounting when requested, and on some occasions fixed a date in the future for such accounting. This was not a disavowal nor a disallowance of the trust. The relationship of attorney and client existed and the trust was created at the suggestion of appellant's decedent for the benefit of said Grantham and presumably the attorney was acting for the welfare of his client in such delay.

There is no doubt in our minds that the finding of the court indicates an express trust was clearly created by and between said James F. Grantham and Charles M. McCabe and that the same was a continuing trust and was so considered by the parties, as evidenced by the conduct and actions of such parties, as found by the court, and we are convinced that this claim was in no wise affected by the six-year statute of limitations, neither does the finding establish the fact that such trust was at any time disallowed or repudiated, but indicates that such trust was an active, continuing trust from the date it was established until the time of trial herein.

Relative to the question of statute of limitations in cases of this character, see *Stanley's Estate* v. *Pence* (1903), 160 Ind. 636, 66 N. E. 51; *Parks* v. *Satterthwaite* (1892), 132 Ind. 411, 32 N. E. 82.

Appellant insists that the findings of fact fails to show that the bonds or any part thereof or any funds derived from the sale thereof were ever traced into any specific item of property owned by

Charles M. McCabe at the time of his death, and therefore said claim is not a preferred claim. In finding No. 12, the court specifically found that Charles M. McCabe while holding such bonds in trust converted the same to his own use and commingled the proceeds thereof with his own individual assets and property, and thereby enhanced the value of his assets and property. In finding No. 13, the court found that said Charles M. McCabe in his lifetime, and the executors of the will succeeding him, hold the proceeds of the aforesaid $11,000 par value Government Bonds and of the net accruals thereon in trust for the benefit of the claimant; and that such proceeds and assets under the circumstances are in equity and in good conscience the assets of the estate of Charles M. McCabe, deceased, and charged with an equitable lien as a preference.

While it is true that such finding does not trace the funds into any specific item of property owned by said McCabe at his death, such finding does state that the assets of said McCabe's estate are the proceeds and assets of the bonds held in trust. This is a sufficient identification to warrant the conclusion of law as to preference.

Conclusion of law No. 3 relative to the recovery of costs is not proper. It is unnecessary for the court to state its conclusions of law relative to costs. Our statutes make provisions for awarding of costs. *Shandy* v. *Bell* (1934), 207 Ind. 215, 189 N. E. 627; *Sputh* v. *Francisco State Bank* (1938), 105 Ind. App. 149, 13 N. E. (2d) 880.

Such a conclusion however is not a cause for reversal but is merely surplusage and should be disregarded.

Considering the finding as a whole, it is our opinion that such finding fairly supports the conclusions of law

reached by the court, and the judgment conforms to such conclusions.

By their motion for a new trial, appellants question the sufficiency of the evidence to sustain the special finding of facts. A consideration of this question requires an examination of the evidence submitted to the trial court. The evidence was uncontradicted and consisted of the testimony of Ida Grantham, administratrix of the estate of James F. Grantham, Maude G. Harper, and William W. Kummings, one of the executors of the will of Charles M. McCabe. These witnesses were called by appellee and no evidence was introduced by appellant.

Exhibits 1 to 9, inclusive, were introduced in evidence by appellee. Those exhibits consisted of letters and statements from Charles M. McCabe, appellant's decedent, and a copy of the complaint in the case of *Miller et al.* v. *Grantham* referred to in the findings. Ida Grantham testified that she was the widow of James F. Grantham, deceased, and was administratrix of his estate. That Charles M. McCabe had been looking after business for Mr. Grantham sometime prior to the death of Grantham, and that he continued to represent him up until the time of his death. That Mr. Grantham had turned over in his lifetime the bonds to Mr. McCabe in the sum of $21,050 to hold, and that thereafter there had been returned to said Grantham by McCabe bonds in the sum of $10,050; that on different occasions before his death, Grantham requested the return of said bonds but McCabe refused to return them and stated that he would do so at a later date and that he said, "Everything is in the woods and we will keep quiet until we get the settlement." That said bonds never were returned to said Grantham or her as said administratrix of said estate. That said McCabe gave her a written

statement relative to how and why he was holding said bonds; that said McCabe paid a portion of the expenses of the funeral of said Grantham and that within a short time of the death of said McCabe, she was in communication with Mr. McCabe, that he stated that everything would be settled in September, 1932.

Maude G. Harper testified in substance, that she was a daughter of James F. Grantham, that she had several conversations with Mr. McCabe relative to said bonds. That in 1924 Mr. McCabe assured her that he still had the bonds and that he gave her a written statement whereby he guaranteed that she would receive $3,333 out of the estate of her father within six months; that he never said anything about having sold or disposed of said bonds; that he said, "When we get out of the woods there would be a complete settlement of the estate." And that he said to her on one occasion, "You may think that my estate is not worth those bonds," and that he informed her the entire amount of bonds in his possession in 1932 was $11,000.

William Kummings testified in substance, that he was one of the executors of Charles M. McCabe, that he had searched for the bonds in question and did not find them. That the amount of assets in the McCabe estate at the time of his death was as set out in Inventory "C" $1,428.83, Inventory "D" $19,460.63, Inventory "A" $4,806.65, Inventory "B" $3,398.76. That he had collected from indebtedness due the estate of McCabe, from $20,000 to $22,000, that he has on hand inventoried real estate of appraised value of $13,000, subject to a tax lien of $2,000. That the aggregate claims allowed against said estate of McCabe is better than $67,000. That there is a balance on hand of $7,313.59 in cash. Said witness further testified that the land now held by him as executor was purchased by McCabe

in 1931. On cross-examination, said witness testified that on the 6th day of August, 1932, inventory showed two bank accounts, one a credit of $14, the other a credit of $13. That he has on hand as executor with which to pay claims about $16,000 or $17,000 and that McCabe had borrowed the money to pay for the land above mentioned.

That was all the evidence introduced in the case except a stipulation as to the time this claim was filed, and as to who were the executors of the will of Charles McCabe, deceased.

We encounter no difficulty, from a consideration of all the evidence, in concluding that there was some evidence, although not abundant, from which the trial court could find and conclude that a trust had been created and that a liability existed in favor of appellee and that she was entitled to recover thereon from appellants the sum indicated in the judgment, but the difficulty arises in determining whether or not the evidence sustains the finding that the claim involved is a preferred claim and entitled to a preference over the general creditors of appellants, in view of the fact that such estate is insolvent.

The courts of Indiana have in the past discussed and announced the method and manner of the adjustment of claims between parties similarly situated to those in this case. Many of the cases adjudicated arose over the deposit of trust funds in defunct banking institutions, but we are of the opinion that the controversial questions presented and determined therein are similar to the question involved herein, and that the reasoning applied thereto would likewise apply to the instant one.

In the case of *Windstanley* v. *Second Nat. Bank of Louisville* (1895), 13 Ind. App. 544, 41 N. E. 956, this court stated the equitable rule to be, "If the trust prop-

erty, either in its original or substituted form, can be traced into the assets in the hands of the insolvent, or of his assignee, the fiduciary may have a lien established or a preference decreed over the claims of the general creditors, although the identity of the trust funds is lost. But in such cases it must be made to appear that the trust property is actually represented. in the assets."

In the case of *Empire State Surety Co.* v. *Carroll County* (1912), 194 F. 593, the court declared, "That it is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific identified piece of property which came into the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver."

In the case of *Rottger, Receiver* v. *First-Merchants National Bank* (1934), reported in 98 Ind. App. 139, 184 N. E. 267, the question of preference is discussed and authorities relative thereto collected, and they have been considered in arriving at a conclusion herein.

From a consideration of the above cases, and the cases cited therein, it is evident that a mere failure of the trustee to account for his trust is not sufficient to warrant a preference and such property or the proceeds thereof cannot be assumed to be contained in the assets of the estate of said trustee, but

such fact must be sustained by evidence that such trust property is actually represented in the property composing the entire mass of the assets passing into the executors' hands. It is not sufficient to show merely that such trust fund passed to the trustee and has been expended or dissipated. *Union Securities, Inc.* v. *Merchants Trust & Savings Co.* (1933), 205 Ind. 127, 185 N. E. 150.

We have considered the evidence submitted to the trial court and fail to find any evidence to sustain the finding of a preference of the claim herein. There is no evidence which tends to show that the bonds, or the proceeds thereof, exist in the mass of said estate as required by the established rule relative to a preference.

Judgment reversed with instruction to the trial court to sustain appellant's motion for a new trial.

Bridwell, J., dissents.

NOTE.—Reported in 31 N. E. (2d) 658.